1   SEYFARTH SHAW LLP
    Mark P. Grajski (SBN 178050)
2   mgrajski@seyfarth.com
    400 Capitol Mall, Suite 2350
3   Sacramento, California 95814-4428
    Telephone: (916) 448-0159
4   Facsimile: (916) 558-4839

5   SEYFARTH SHAW LLP
    Eden E. Anderson (SBN 233464)
6   eanderson@seyfarth.com
    560 Mission Street, Suite 3100
7   San Francisco, California 94105
    Telephone: (415) 397-2823
8   Facsimile: (415) 397-8549

9   Attorneys for Defendants
    WACHOVIA CORPORATION,
10  WACHOVIA SBA LENDING, INC.,
    KENNETH MCGUIRE and ANN NONEMAKER

11

                    UNITED STATES DISTRICT COURT
12
              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
13

14  LEITH PATRICK KNAPP, THOMAS          )  Case No. C 07-4551 WDB
    HAMPTON DEAR,                        )
15                                       )  **ANSWER OF DEFENDANTS**
                    Plaintiffs,          )  **WACHOVIA CORPORATION,**
16                                       )  **WACHOVIA SBA LENDING, INC. AND**
            v.                           )  **KENNETH MCGUIRE TO**
17                                       )  **PLAINTIFFS' COMPLAINT**
    WACHOVIA CORPORATION, a Corporation, )
18  WACHOVIA SBA LENDING, INC., a        )
    Corporation, KENNETH MCGUIRE, an     )
19  individual, ANN NONEMAKER, an individual, )
    and DOES 1-300                       )
20                                       )
                    Defendants.          )
21  _____ )

22      Defendants WACHOVIA CORPORATION, WACHOVIA SBA LENDING, INC. and

23  KENNETH MCGUIRE ("Defendants") hereby answer Plaintiffs' Complaint for Damages and

24  Injunctive Relief for Discrimination and Retaliation ("Complaint") as follows:

25                          **DEMAND FOR JURY TRIAL**

26      1.      Plaintiffs hereby demand a trial by jury.

27      **ANSWER:**    Paragraph 1 of the Complaint contains no factual allegations to admit or

28  deny. To the extent an answer is required, Defendants admit that plaintiffs demand a jury trial.

                                         1

1

**JURISDICTION AND VENUE**

2      2.      The United States District Court has federal question jurisdiction as follows:  The

3              present action is brought under 42 United States Code Section 2000e et seq., and

4              42 United States Code 12101 et seq.  The United States District Court has

5              diversity jurisdiction as follows:  Plaintiffs are residents of California and

6              defendant corporations are nationally headquartered and have their principle place

7              of business in North Carolina.  This matter is venued in the Northern District

8              because :  1) Plaintiff Knapp worked and would have continued working in the

9              Northern District but for the alleged unlawful practices under Government Code

10             12965(b); 2) Plaintiff Dear worked and would have continued working the

11             Northern District but for alleged unlawful practices under Government Code

12             12965(b); and 3) Defendant Corporations are California headquartered and have

13             their California principle place of business in Oakland.

14     **ANSWER:**     Paragraph 2 of the Complaint contains no factual allegations to admit or

15     deny.  To the extent an answer is required, Defendants admit that plaintiffs are residents of the

16     State of California.  Defendants further admit that defendant Wachovia Corporation is

17     headquartered in and has its principal place of business in North Carolina.  Defendants deny the

18     allegations in paragraph 2 of the Complaint not expressly admitted.

19

**PLAINTIFFS**

20     3.      Plaintiff Leith Patrick Knapp is a 54-year-old man of same gender

21             affectional/sexual orientation, disabled by HIV disease and alcohol and tobacco

22             dependency, with 21 years of sobriety.  Plaintiff Thomas Hampton Dear is a 54-

23             year-old man of same gender affectional/sexual orientation, disabled by alcohol

24             and tobacco dependency, with eighteen years of sobriety.  Knapp and Dear are

25             domestic partners registered by the State of California.

26     **ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to

27     the truth of the allegations of paragraph 3, and therefore deny the same.

28

**DEFENDANTS**

2

4.      Defendants Wachovia Corporation and Wachovia SBA Lending Inc., are, and at all times were, corporations duly licensed to operate in the State of California with 110,000 employees, world headquarters at One Wachovia Tower, Charlotte, North Carolina; and California headquarters and California principle place of business at 1901 Harrison Street in Oakland, California. Defendants Kenneth McGuire and Ann Nonemaker are, at all times were, individuals and managing agents and officers (vice presidents) Defendant Corporations. At all times, all defendants were engaged in the business of providing banking services.

**ANSWER:**    Defendants admit that Wachovia Corporation and Wachovia SBA Lending, Inc. are corporations qualified to do business in California. Defendants further admit that Wachovia Corporation is headquartered in Charlotte, North Carolina. Defendants further admit that defendant Kenneth McGuire and Ann Nonemaker are individuals. Defendants deny the allegations in paragraph 4 of the Complaint not expressly admitted.

**DOES**

5.      Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-300, inclusive, and therefore sues these defendants by fictitious name. Plaintiffs will amend this complaint to allege the true names and capacities when ascertained. Each of these fictitiously named defendants are responsible, in some manner, for the misconduct herein and proximately caused by plaintiffs' injuries.

**ANSWER:**    Paragraph 5 of the Complaint contains no factual allegations to admit or deny. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore deny the same.

**AGENCY**

6.      At all times, defendants were agents, managing agents, and employees each of the other. In committing the following misconduct, each defendant was acting within the course and scope of said agency and employment.

**ANSWER:**    Paragraph 6 of the Complaint contains no factual allegations to admit or deny. To the extent an answer is required, Defendants deny the allegations of paragraph 6.

3

SCI 17087608.1

1

**CONSPIRACY**

2     7.     Each of the defendants was a co-conspirator of the remaining defendants and each

3            planned, performed, failed to stop, failed to investigate or report, condoned and

4            ratified, and concealed the misconduct.

5     **ANSWER:**     Paragraph 7 of the Complaint contains no factual allegations to admit or

6   deny. To the extent an answer is required, Defendants deny the allegations of paragraph 7.

7

**HOSTILE WORK ENVIRONMENT**

8     8.     Defendants maintain a HOSTILE WORK ENVIRONMENT in which: 1) Persons

9            with medical condition-related disabilities are routinely ostracized; subjected to

10           harassment, discrimination, and retaliation; and constructively terminated; 2)

11           Persons with recovery-related disabilities are routinely ostracized; subjected to

12           harassment, discrimination, and retaliation; and constructively terminated; 3)

13           Persons who make requests for reasonable accommodation are routinely

14           ostracized; subjected to harassment, discrimination, and retaliation; and

15           constructively terminated; 4) Persons of same gender affectional/sexual

16           orientation are routinely ostracized; subjected to harassment, discrimination, and

17           retaliation; and constructively terminated; 5) Persons who complain about

18           harassment, hostile work environment, discrimination and retaliation, or failure to

19           accommodate, or who otherwise engage in whistleblowing are routinely

20           ostracized; subjected to harassment, discrimination, and retaliation; and

21           constructively terminated.

22     **ANSWER:**     Defendants deny the allegations of paragraph 8 of the Complaint.

23

**POLICY AND PRACTICE**

24     9.     Defendants have a POLICY AND PRACTICE of ostracizing; subjecting to

25           harassment, discrimination, and retaliation; and constructively terminating: 1)

26           Persons with medical condition-related disabilities; 2) Persons with recovery-

27           related disabilities; 3) Persons who make requests for reasonable accommodation;

28           4) Persons of same gender affectional/sexual orientation; 5) Persons who

4

1    complain about harassment, hostile work environment, discrimination and

2    retaliation, or failure to accommodate, or who otherwise engage in

3    whistleblowing.

4    **ANSWER:**    Defendants deny the allegations of paragraph 9 of the Complaint.

## CONTRACT

6    10.    On or about 2005 November 01, defendants hired Plaintiff Knapp with a salary of

7    $40,000.00 plus commissions ($30,000.00 to $300,000.00) annually. On or about

8    2004 April 21, defendants hired Plaintiff Dear with a salary of $45,000.00 plus

9    commissions ($30,000.00 to $300,000.00) annually. Defendants promised: 1) To

10    abide by the employment manual which prohibits harassment,[1] discrimination

11    against persons on account of disability and/or affectional/sexual orientation,[2] and

---

[1] Said employment manual provides,

"ANTI-HARASSMENT. Wachovia prohibits harassment and commits to providing a professional work environment. Harassment is any offensive conduct based on an employee's race, sex, gender, gender identity, national origin, color, disability, age sexual orientation, veteran status, marital status, religion, or any other status protected by law. Unlawful harassment exists when acceptance of such conduct is made, explicitly or implicitly, a term or condition or employment, employment decisions are based on whether an employee accepts or rejects such conduct, or such conduct unreasonably interferes with an employee's work performance or creates an intimidating, hostile, or offensive work environment.

\*        \*        \*

Wachovia will promptly investigate all reports of harassment in as impartial and confidential a manner as possible and, when appropriate, will take corrective and preventative action."

[2] Said employment manual further provides:

"WORKPLACE. Wachovia is committed to maintaining a corporate environment marked by safe, professional and congenial working conditions and respect for the dignity of all employees, customers and others with whom we interact. We embrace diversity, seeking new ideas and listening to and learning from others, and appreciate the unique capabilities and contributions of each person. Wachovia provides equal opportunity in all aspects of employment and will not tolerate any illegal discrimination or harassment of any kind. Wachovia has policies and procedures in effect that are designed to prevent illegal discrimination or harassment and which also provide an avenue of redress for any complaints of such conduct.

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCI 17087608.1

1    retaliation against persons who make requests for reasonable accommodation;

2    complaints of harassment, hostile work environment, discrimination, and/or

3    retaliation, the failure to accommodate, or otherwise engage in whistleblowing[3] 2)

4    To treat plaintiffs fairly – observing industry standards of good faith, fair dealing,

5    and fair employment practices and abiding by local, state, and federal laws

6    proscribing harassment, discrimination, and retaliation; and 3) Other terms.  Said

7    Contract was part-written, part-oral, and part-course-of-dealing.  Plaintiffs relied

8    on the promises of defendants to enter into said contract.  At no time did

9    defendants intend to perform their obligations under said contract.

10   DIVERSITY.  [Wachovia is] committed to being an inclusive company where all people are treated fairly, recognized for their individuality, promoted based on performance, and encouraged to reach their full potential.  We believe in recognizing, understanding, and respecting differences among all people.  These differences include but are not limited to race, gender, gender identity, sexual orientation, work/life status, ethnic origin, culture, spiritual beliefs and practices, age, level, physical/mental ability, and veteran status.

ACCOMMODATION.  Wachovia supports the letter and spirit of the Americans with Disabilities Act and seeks to give full and equal employment opportunities to all people capable of successfully performing the essential functions of each of Wachovia's positions with or without accommodation.

Wachovia provides employees and applicants with reasonable accommodations necessary to help them perform the essential functions of their positions, but may refuse requests for accommodation if they would impose an undue hardship on the Company."

[3] Said employment manual further provides:

EQUAL EMPLOYMENT OPPORTUNITY.  Wachovia is dedicated to equality of opportunity in its community.  It has been and will continue to be the policy of Wachovia to be fair and impartial in all of its relations with its employees and applicants for employment, and to base all employment-related decisions upon valid job-related factors, without regard to race, religion, color, gender, gender identity, age, national origin, disability, veteran status, sexual orientation or marital status, or any other status protected by law.  This policy applies to recruitment, hiring, training, appointments, selection, promotion and all other personnel actions and conditions of employment such as compensation, benefits, layoffs and reinstatements, training, tuition assistance and disciplinary measures.

*       *       *

Discrimination on the basis of any protected category is expressly prohibited.  Furthermore, Wachovia will not tolerate conduct by an employee that harasses another employee, interferes with another's work performance or creates an intimidating, offensive or hostile environment."

6

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCl 17087608.1

1    **ANSWER:**    Defendants admit that Wachovia SBA Lending, Inc. hired plaintiff Dear

2    on or about April 26, 2004 at an annual salary of $37,000.00. Defendants further admit that

3    Wachovia SBA Lending, Inc. hired plaintiff Knapp on or about November 1, 2005 at an annual

4    salary of $40,000, plus commissions. Defendants further admit that Wachovia Corporation and

5    Wachovia SBA Lending, Inc. prohibit discrimination, harassment and retaliation on the basis of

6    disability, sexual orientation, and other legally-protected characteristics, and that they prohibit

7    retaliation for opposing unlawful harassment or discrimination. Defendants deny the allegations

8    in paragraph 10 of the Complaint not expressly admitted.

9        11.    At times, said agreement and employment was subject to 42 United States Code

10            Section 2000e et seq., 42 United States Code Section 12101 et seq., Government

11            Code Section 12900 et seq., the Common Law of the State of California, Labor

12            Code Section 1102.5 et seq., Civil Code Section 1714 et seq., Business and

13            Professions Code Section 17200 et seq., and other provisions of the United States

14            and California Code.

15    **ANSWER:**    Paragraph 11 of the Complaint contains no factual allegations to admit or

16    deny. To the extent an answer is required, defendants deny the allegations of paragraph 11.

17                    **PERFORMANCE**

18        12.    At all times, Plaintiffs Knapp and Dear fully performed plaintiffs' duties under

19            said contract except when prevented or excused from performing by defendants.

20    **ANSWER:**    Defendants deny the allegations contained in paragraph 12 of the

21    Complaint.

22

23    **HOSTILE WORK ENVIRONMENT, DISCRIMINATION, AND RETALIATION**

24        13.    On or about 2004 April 21, Defendant Corporations hired Plaintiff Dear.

25    **ANSWER:**    Defendants admit that Wachovia SBA Lending, Inc. hired plaintiff Dear

26    on or about April 26, 2004. Defendants deny the allegations in paragraph 13 of the Complaint

27    not expressly admitted.

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB
SCI 17087608.1

1      14.    On or about 2005 January, Defendant Corporations' Vice President John

2             Robinson evaluated Dear in writing with no areas of improvement.

3      **ANSWER:**    Defendants admit that John Robinson evaluated Dear in writing in

4   February 2005. Defendants deny the allegations in paragraph 14 of the Complaint not expressly

5   admitted.

6      15.    On or about 2005 March, Defendant Corporations evaluated Dear in writing as

7             superlative.

8      **ANSWER:**    Defendants deny the allegations contained in paragraph 15 of the

9   Complaint.

10     16.    On or about 2005 June 01, Dear received a lateral transfer to commercial business

11            lender under the management of Defendant Corporations' Senior Vice President

12            Kenneth McGuire and Vice President Ann Nonemaker. At some point shortly

13            after Dear and Knapp were hired, McGuire and Nonemaker learned that: 1)

14            Plaintiff Dear is a man of same gender affectional/sexual orientation and disabled

15            by dependency – with eighteen years of sobriety, 2) Plaintiff Knapp is a man of

16            same gender affectional/sexual orientation and disabled by HIV disease and

17            dependency – with twenty-one years of sobriety, and 3) Plaintiffs Knapp and Dear

18            are registered domestic partners

19     **ANSWER:**    Defendants admit that Dear became a Commercial Business Lender on or

20   about June 1, 2005. Defendants deny the allegations in paragraph 16 of the Complaint not

21   expressly admitted.

22     17.    On or about 2005 October, McGuire held a meeting with Dear at "Hooters."

23            McGuire unsuccessfully encouraged Dear to drink at said meeting.

24     **ANSWER:**    Defendants deny the allegations contained in paragraph 17 of the

25   Complaint.

26     18.    On or about 2005 November 01, Defendant Corporations hired Plaintiff Knapp.

27            He was assigned to work as a commercial business lender under the management

28            of McGuire.

8

1    **ANSWER:**    Defendants admit that Wachovia SBA Lending, Inc. hired plaintiff Knapp

2    on or about November 1, 2005 as a Commercial Business Lender under the management of

3    Kenneth McGuire. Defendants deny the allegations in paragraph 18 of the Complaint not

4    expressly admitted.

5        19.    On or about 2005 November 03, a co-worker asked Knapp personal questions

6            about Knapp and Dear cohabitating.

7    **ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

8    the truth of the allegations of paragraph 19, and therefore deny the same.

9        20.    On or about 2005 December 23, Defendant Corporations' Worker Michael Stokes

10            brought his son to the worksite. Stokes introduced the boy to all of the employees

11            except Plaintiffs Knapp and Dear. Knapp questioned Stokes about the exclusion.

12            Stokes responded, "He is only three years old. I do not want to expose him to

13            adult issues. Besides, I did not think you would be interested in children."

14    **ANSWER:**    Defendants deny the allegations contained in paragraph 20 of the

15    Complaint.

16        21.    On or about 2005 December 30, Plaintiff Knapp requested training from McGuire

17            and Nonemaker. Both refused the request. McGuire routinely provides on-site

18            training to new employees.

19    **ANSWER:**    Defendants admit that Plaintiff Knapp may have requested training in or

20    about December 2005. Defendants deny the allegations in paragraph 21 of the Complaint not

21    expressly admitted.

22        22.    On or about 2006 January, Defendant McGuire appointed Plaintiff Dear Co-Chair

23            of the Employee Recognition Committee – Wachovia's corporate giving

24            committee. From that point on, Dear worked without compensation to increase

25            funding for the Make-A-Wish Foundation by 833%, increased participation in

26            employee morale boosting events, increased donated clothing for the Coats-For-

27            Kids Program by 100%, and initiated a single-day "open house" for introducing

28            low-level to high-level employees.

1    **ANSWER:**    Defendants admit that McGuire offered Dear the opportunity to participate

2    on the Employee Recognition Committee, but deny that McGuire appointed Dear Co-Chair of

3    the Committee. Defendants deny that Dear worked on the committee without compensation.

4    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

5    remaining allegations of paragraph 22, and therefore deny the same.

6        23.    On or about 2006 January 09, Plaintiff Knapp attended a company dinner in

7            Virginia. When Knapp took his medication, co-workers asked him why he has to

8            take so many pills. Co-workers then took Knapp to an adult bar even though

9            Knapp objected to going to the bar because of his sobriety program.

10    **ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

11    the truth of the allegations of paragraph 23, and therefore deny the same.

12        24.    On or about 2006 January 17, Plaintiff Knapp made a further request for training

13            from McGuire. McGuire denied the request.

14    **ANSWER:**    Defendants admit that Plaintiff Knapp may have requested training in or

15    about January 2006. Defendants deny the allegations in paragraph 24 of the Complaint not

16    expressly admitted.

17        25.    On or about 2006 January 18, Plaintiffs Knapp and Dear attended another

18            company dinner. When Knapp took his medication, a co-worker commented,

19            "That seems like a lot of pills." The event ended at an Indian casino in which

20            McGuire repeatedly pressed Knapp and Dear to "have a cocktail" and "smoke a

21            cigar."

22    **ANSWER:**    Defendants deny the allegations contained in paragraph 25 of the

23    Complaint.

24        26.    On or about 2006 January 23, a co-worker called Plaintiff Knapp and informed

25            him that a manager told the co-worker, "You have to work with homosexuals

26            even if you find them repulsive. Pray for them and document anything they say

27            or do to makes *[sic]* you uncomfortable and the manager will make sure it gets to

28            the proper people.

SCI 17087608.1

1     **ANSWER:**   Defendants deny the allegations contained in paragraph 26 of the

2 Complaint.

3     27.    On or about 2006 January 24, Nonemaker abruptly discontinued regular lunches

4         with Plaintiffs Knapp and Dear.

5     **ANSWER:**   Defendants deny the allegations contained in paragraph 27 of the

6 Complaint.

7     28.    On or about 2006 February, Plaintiff [sic] reduced Dear's territory without cause

8         or reason.

9     **ANSWER:**   Defendants deny the allegations contained in paragraph 28 of the

10 Complaint.

11     29.    On or about 2006 February 01, Nonemaker moved her office away from Plaintiff

12         Knapp and stopped engaging Knapp and Dear in non-essential conversation.

13     **ANSWER:**   Defendants admit that Nonemaker changed cubicles in or around February

14 2001.  Defendants deny the allegations in paragraph 29 of the Complaint not expressly admitted.

15     30.    On or about 2006 February 16, McGuire ordered Plaintiffs Knapp and Dear to

16         seek approval from their supervisors before submitting any loan applications.  No

17         reasons for said order was provided.  Knapp and Dear are the only employees so

18         burdened.

19     **ANSWER:**   Defendants deny the allegations contained in paragraph 30 of the

20 Complaint.

21     31.    On or about 2006 February 16, McGuire demanded that Plaintiff Knapp terminate

22         a conference call with a customer in order to "cover phones."  Company policy

23         and practices is for employees to rotate phone coverage except when an employee

24         has more important business.  Then, the employee may request coverage from a

25         co-worker.  Here, Knapp requested and obtained coverage for a co-worker, and

26         McGuire was aware of said.

27     **ANSWER:**   Defendants deny the allegations contained in paragraph 31 of the

28 Complaint.

SCI 17087608.1

32.     On or about 2006 February 22, McGuire described Defendant Corporations'
Senior Vice President Debbie Buckland to Plaintiff Dear as "hot" and intimated
that she does not wear underwear – "there are no panty lines when she wears
slacks." McGuire repeated the comment on 2006 May.

**ANSWER:**     Defendants deny the allegations contained in paragraph 32 of the
Complaint.

33.     On or about 2006 March, Defendant Corporations' Vice President Carmie Snider
evaluated Dear in writing with minor areas for improvement.

**ANSWER:**     Defendants admit that Carmie Snider evaluated Dear in writing in April
2006, with areas for improvement. Defendants deny the allegations in paragraph 33 of the
Complaint not expressly admitted.

34.     On or about 2006 March, McGuire informed Plaintiffs Knapp and Dear that an
anonymous complaint had been made against each to the effect that they were
working more than 40 hours per week. Previously, McGuire though [sic]
Defendant Corporations' Worker J.C. Monteau instructed Knapp and Dear to feel
free to work overtime but to report only eight hours a day and forty hours per
week. Plaintiff Knapp made a complaint verbally to McGuire to the effect that
that *[sic]* Knapp and Dear were being singled out.

**ANSWER:**     Defendants deny the allegations contained in paragraph 34 of the
Complaint.

35.     On or about 2006 March 02-03, by conference meeting, McGuire warned that
employees would be subject to discipline if found to be working over 40 hours per
week. McGuire turned to Plaintiffs Knapp and Dear and stated, "This is because
of you two." Once in private, Dear made a complaint verbally to McGuire to the
effect that Knapp and Dear were being excluded from communications and
singled out for discipline.

12

SCI 17087608.1

1    **ANSWER:**    Defendants admit that McGuire warned that employees would be subject

2    to discipline if found to be working off the clock. Defendants deny the allegations in paragraph

3    35 of the Complaint not expressly admitted.

4    36.    On or about March 06, McGuire evaluated Plaintiff Knapp verbally for "not being

5    on the floor" even though Knapp was not scheduled to be on the floor.

6    **ANSWER:**    Defendants deny the allegations contained in paragraph 36 of the

7    Complaint.

8    37.    On or about 2006 March 09, McGuire evaluated Plaintiff Knapp verbally with no

9    areas for improvement but implied that co-workers held negative impressions of

10    Knapp and Dear – "the only opinion that matters is mine." McGuire furthered,

11    "You guys should not act so much like a couple. You guys have to understand

12    these are family people and they do not share you lifestyle. You have done a lot

13    of damage."

14    **ANSWER:**    Defendants deny the allegations contained in paragraph 37 of the

15    Complaint.

16    38.    On or about 2006 March 14, Plaintiff Knapp telephoned Defendant Corporations'

17    Human Resources Department and made a complaint verbally to the effect that

18    Knapp and Dear "[were] being treated like second class citizens" because of their

19    disabilities; affectional/sexual orientation; complaints of harassment, the hostile

20    work environment, discrimination and retaliation, and the failure to

21    accommodate; and whistleblowing.

22    **ANSWER:**    Defendants deny the allegations contained in paragraph 38 of the

23    Complaint.

24    39.    On or about 2006 March 15, McGuire informed Plaintiff Knapp that Knapp and

25    Dear needed written permission to use flextime. No other employees are so

26    burdened. Plaintiffs Knapp and Dear made a complaint verbally to McGuire

27    regarding the March memorandum. McGuire responded that the memorandum

28    results from "things you have done to deserve this" and "being to open about your

13

SC1 17087608.1

relationship." Defendant Corporations' Worker Michael David launched an investigation of Knapp and Dear. David asked co-workers "Have you ever had problems with Patrick or Tom? Let me know what you hear."

**ANSWER:** Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. On or about 2006 April, Defendant Corporations held a diversity training program. Co-workers were agitated and commented that the program, "must be because of Patrick and Tom."

**ANSWER:** Defendants admit that Wachovia SBA Lending, Inc. conducted diversity training in or about April 2006. Defendants deny the allegations in paragraph 40 of the Complaint not expressly admitted.

41. On or about 2006 April, McGuire assigned Dear to perform a statistical analysis of year-to-date SBA fundings and Wachovia's participation in said. Dear performed said complex work in a satisfactory manner.

**ANSWER:** Defendants admit that in or about February 2006 McGuire asked Dear to compile a listing of applications submitted and approved. Defendants admit that Dear performed this work in a satisfactory manner, but deny that the work involved "statistical analysis" or was "complex." Defendants deny the allegations in paragraph 41 of the Complaint not expressly admitted.

42. On or about 2006 May 01, McGuire stopped verbally communicating with Plaintiff Knapp.

**ANSWER:** Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. On or about 2006 May 11, McGuire informed Plaintiff Dear that he was thinking of reducing Dear's territory. No reason for the reduction was given.

**ANSWER:** Defendants deny the allegations contained in paragraph 43 of the Complaint.

14

SC1 17087608.1

44.    On or about 2006 May 15, McGuire told Plaintiff Dear that Dear is a quality employee and "lots of other employers would be happy to have you."

**ANSWER:**    Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.    On or about 2006 May 18, Nonemaker distributed extra territory to co-workers and excluded Plaintiff Knapp from the distribution.

**ANSWER:**    Defendants admit that in or about May 2006 Nonemaker temporarily assigned a certain territory to two senior commercial business lenders. Defendants deny that Knapp was a senior commercial business lender, and deny that he was "excluded" from the assignment. Defendants aver that Nonemaker made her decision based on legitimate, nondiscriminatory reasons. Defendants deny the allegations in paragraph 45 of the Complaint not expressly admitted.

46.    On or about 2006 May 23, Nonemaker evaluated Plaintiff Knapp in writing and verbally as above satisfactory with the following areas for improvement – learning (even though Nonemaker refused to provide training to Knapp) and communication. Nonemaker falsely accused of "trying to deceive one of his customers."

**ANSWER:**    Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.    On or about 2006 May 30, McGuire and Nonemaker evaluated Plaintiff Knapp verbally and negatively for "taking a loan in." Said loan was "preflighted" by Defendant Corporations and McGuire and Nonemaker knew said status.

**ANSWER:**    Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.    On or about 2006 May 31, Plaintiff Knapp asked co-workers to lunch. Co-workers declined but went to lunch together.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and therefore deny the same.

15

SCI 17087608.1

49.     On or about 2006 June, co-workers informed Plaintiff Dear that Manager Karen Mercado admitted she "does not approve of your lifestyle."

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore deny the same.

50.     On or about 2006 June 02, McGuire imposed a new rule to the effect that Plaintiffs Knapp and Dear were prohibited from "sharing loans." McGuire allowed other employees with opposite sex orientation—including Defendant Corporations' Workers Thomas Collopy and Michael Stokes—to "share loans."

**ANSWER:**    Defendants admit that Knapp and Dear were told not to share loans. Defendants aver that this instruction was based on legitimate, non-discriminatory reasons. Defendants deny that any similarly-situated employees outside plaintiffs' alleged protected classes were treated more favorably. Defendants deny the allegations in paragraph 50 of the Complaint not expressly admitted.

51.     On or about 2006 June 05, Nonemaker refused to refer prospective clients to Plaintiff Knapp.

**ANSWER:**    Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     On or about 2006 June 06, Defendant Corporations' Vice President Carmie Snider falsely accused Plaintiff Dear of mocking a supervisor by pretending to masturbate—"jerking off."

**ANSWER:**    Defendants admit that in or about June 2006 Snyder spoke with Dear to follow up on an allegation that Dear had made an offensive "jerking off" gesture. Defendants deny the allegations in paragraph 52 of the Complaint not expressly admitted.

53.     On or about 2006 June 09, Plaintiff Knapp gave Nonemaker a written customer evaluation to the effect that Knapp performed superlatively. Nonemaker wrote on it, "Not funded in our territory," and placed said on Knapp's chair.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, and therefore deny the same.

16

SCI 17087608.1

54.    On or about 2006 June 21, Nonemaker and Plaintiff Knapp attended Defendant

Corporations' 'business banker's field visit.' Even though Knapp was assigned to

Nonemaker's old territory and many of Nonemaker's former customers attended

the conference, Nonemaker systematically excluded Knapp from most of her

meetings, dinners, and other networking; failed to introduce Knapp as the new

salesperson at meetings they both attended; and humiliated Knapp in front of a

prospective customer.  Throughout, Nonemaker made drinking a central part of

meetings.

**ANSWER:**    Defendants admit that Nonemaker and Knapp attended various events in

the field in or about June 2006.  Defendants deny the allegations contained in paragraph 54 of the

Complaint not expressly admitted.

55.    On or about 2006 June 24, McGuire hosted a "farewell" party for Nonemaker.

Plaintiffs Knapp and Dear were the only co-worker not invited.

**ANSWER:**    Defendants deny the allegations contained in paragraph 55 of the

Complaint.

56.    On or about 2006 July, Plaintiff Dear achieved the highest volume of quarterly

business loan applications.

**ANSWER:**    Defendants admit that Plaintiff Dear had the highest application count for

the second quarter of 2006.  Defendants deny the allegations contained in paragraph 56 of the

Complaint not expressly admitted.

57.    On or about 2006 July, Wachovia awarded Dear "Second Quarter Employee

Recognition."  All other employees who so achieve are sent to the National

Association of Government Guaranteed Lenders Conference.  On or about 2006

October 25, Defendant Corporations purchased a ticket for Dear, refused to send

Dear, claimed to Dear that it could not afford to send Dear, sent Dear's co-

workers—who did not so achieve, and let Dear's ticket go unused.

17

1      **ANSWER:**   Defendants admit that Plaintiff Dear received employee recognition for

2    the second quarter of 2006.  Defendants deny the allegations contained in paragraph 57 of the

3    Complaint not expressly admitted.

4      58.    On or about 2006 July 28, Nonemaker evaluated Plaintiff Knapp unfairly.

5      **ANSWER:**   Defendants deny the allegations contained in paragraph 58 of the

6    Complaint.

7      59.    On or about 2006 August, McGuire encouraged workers to participate in a

8             "fantasy football league" in which employees network while drinking, gambling,

9             and watching football.

10     **ANSWER:**   Defendants deny the allegations contained in paragraph 59 of the

11   Complaint.

12     60.    On or about 2006 August 18-20, Plaintiff Dear taught a seminar entitled,

13            "Understanding SBA Loans" for pharmacy school graduates of the University of

14            Florida at Gainesville.

15     **ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to

16   the truth of the allegations of paragraph 60, and therefore deny the same.

17     61.    On or about 2006 August 23, Plaintiff Knapp asked Nonemaker if Knapp could

18            provide feedback to Nonemaker.  Nonemaker responded, "No."

19     **ANSWER:**   Defendants admit that on or about August 23, 2006 Plaintiff Knapp asked

20   if he could speak with Nonemaker.  Defendants aver that Nonemaker responded that she couldn't

21   speak with him at the time as she needed to get to an appointment, but agreed to speak with him

22   when he returned from his time off.  Defendants deny the allegations contained in paragraph 61

23   of the Complaint not expressly admitted.

24     62.    On or about 2006 August 25, after spending months (Plaintiff Knapp) and years

25            (Plaintiff Dear) cultivating their territories, McGuire reduced the territory of

26            Knapp by 65% and Dear by 70%--on the same day.  Dear lost the Gainesville-

27            Ocala-Tallahassee territory.  No reason was provided for reducing Knapp's

28            territory.  A pre-textual reason was given for reducing Dear's territory—a single

18

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCI 17087608.1

1    verbal complaint. This reason is pre-textual—Knapp and Dear have the highest

2    customer satisfaction according to Defendant Corporation's own "Customer

3    Service Corps Survey." Knapp and Dear both scored 7.0 of 7.0 points.

4    **ANSWER:** Defendants admit that Dear's territory was reduced. Defendants further

5    admit that business bankers in Knapp's territory were assigned to more senior Commercial

6    Business Lenders. Defendants aver that these decisions were based on legitimate, non-

7    discriminatory reasons. Defendants deny that any similarly-situated employees outside

8    plaintiffs' alleged protected class(es) were treated more favorably. Defendants deny the

9    allegations in paragraph 62 of the Complaint not expressly admitted.

10    63.    On or about 2006 August 30, a co-worker admitted to Plaintiff Knapp that a

11    supervisor prohibited said co-worker from helping Knapp or Dear with loans.

12    **ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to

13    the truth of the allegations of paragraph 63, and therefore deny the same.

14    64.    On or about 2006 September, McGuire interrupted a sales meeting and accused

15    Plaintiff Dear of "slamming applications in to win the [company-wide sales

16    contest]."

17    **ANSWER:** Defendants deny the allegations contained in paragraph 64 of the

18    Complaint.

19    65.    On or about 2006 September 01, McGuire approved a low interest loan for a

20    prospective client of Plaintiff Knapp, cancelled approval—causing Knapp to lose

21    face with the client, and publicly blamed Knapp.

22    **ANSWER:** Defendants deny the allegations contained in paragraph 65 of the

23    Complaint.

24    66.    On or about 2006 September 01, a co-worker told Plaintiff Knapp, "I cannot

25    understand why Tom and you are treated with so much disrespect." The same co-

26    worker admitted that senior management instructed him, "Not to work with the

27    two of you."

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCI 17087608.1

1     **ANSWER:**    Defendants deny that plaintiffs, or either of them, were treated with

2     disrespect, and deny that senior management instructed others not to work with plaintiffs, or

3     either of them. Defendants lack knowledge or information sufficient to form a belief as to the

4     truth of the remaining allegations of paragraph 66, and therefore deny the same.

5           67.    On or about 2006 September 06, co-workers refused to respond to Plaintiff

6                 Knapp's greeting.

7     **ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

8     the truth of the allegations of paragraph 67, and therefore deny the same.

9           68.    On or about 2006 September 07, Plaintiff Knapp successfully recruited clients.

10                Nonemaker congratulated Knapp privately by email. When other workers

11                successfully recruit clients, an "atta boy" email is broadcast.

12    **ANSWER:**    Defendants deny the allegations contained in paragraph 68 of the

13    Complaint.

14          69.    On or about 2006 October 01, Nonemaker visited the worksite, met with the all

15                salespeople except Plaintiff Knapp, and refused to meet with Knapp.

16    **ANSWER:**    Defendants admit that Nonemaker visited the worksite on or about

17    October 1, 2006. Defendants deny the allegations in paragraph 69 of the Complaint not

18    expressly admitted.

19          70.    On or about 2006 October 12, Vice President Dennis Pomeroy named Plaintiff

20                Knapp, "Shared Success Award Winner." Knapp received no recognition for the

21                award from McGuire or Nonemaker.

22    **ANSWER:**    Defendants admit that Plaintiff Knapp received "Shared Success"

23    recognition on or about October 12, 2006. Defendants further admit that Nonemaker and

24    McGuire did not specifically provide additional recognition for this, but aver that they treated

25    Knapp no differently in this regard than they would have treated any other, similarly situated

26    employees. Defendants deny the allegations in paragraph 70 of the Complaint not expressly

27    admitted.

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB
SC1 17087608.1

71.    On or about 2006 October 28, McGuire hosted a Halloween party.  Plaintiffs
Knapp and Dear were the only co-workers not invited.

**ANSWER:**    Defendants deny the allegations contained in paragraph 71 of the
Complaint.

72.    On or about 2006 November, Wachovia awarded Plaintiff Dear, "Commercial
Business Lender of the Month." Said award included presentation of a 30" brass
and wood trophy.  Historically, said award was presented in monthly sales
meetings.  When Wachovia presented the award to Dear, it was by an
administrative employee placing the trophy on Dear's desk.

**ANSWER:**    Defendants admit that Dear was named Commercial Business Lender of
the Month in or around November 2006. Defendants further admit that the monthly recipient of
this award has his or her name engraved onto a trophy. Defendants further admit that the award
was presented to Dear at his desk. Defendants deny the allegations in paragraph 72 of the
Complaint not expressly admitted.

73.    On or about 2006 November, Nonemaker stopped responding to Plaintiff Knapp's
e- and v-mail contacts.

**ANSWER:**    Defendants deny the allegations contained in paragraph 73 of the
Complaint.

74.    On or about 2006 November, Nonemaker evaluated Plaintiff Knapp by telephone
for "hovering" at a co-worker's cubicle.  The message is clear—Knapp should not
even try to socialize with his co-workers.  Knapp made a complaint verbally to
Nonemaker to the effect that Nonemaker was not following HR policy in so
evaluating him.  Nonemaker disconnected the call.  Knapp returned the telephone
call the next day and left a message for Nonemaker to call him.  Nonemaker
refused to respond.

**ANSWER:**    Defendants admit that in or about November 2006, Nonemaker had a
discussion with Knapp regarding a coworker's perception that Knapp had engaged in disruptive
"hovering" behavior. Defendants further admit that Knapp told Nonemaker that she was not

21

1 following the "Conflict Resolution and Escalation Process," but defendants deny that Nonemaker

2 failed to comply with that process. Defendants deny the allegations in paragraph 74 of the

3 Complaint not expressly admitted.

4     75.    On or about 2006 November 22, McGuire closed a meeting by reminding

5         employees to be "thankful for your kids and family."

6     **ANSWER:**    Defendants admit that around Thanksgiving 2006, McGuire wished the

7 sales employees a happy Thanksgiving, or words to that effect. Defendants deny the allegations

8 in paragraph 75 of the Complaint not expressly admitted.

9     76.    On or about 2006 December 01, Plaintiff Dear achieved $12,000,000.00 in loans.

10         No managers congratulated Dear.

11     **ANSWER:**    Defendants admit that in or about December 2006 Dear achieved $12

12 million in loans. Defendants deny the allegations in paragraph 76 of the Complaint not expressly

13 admitted.

14     77.    On or about 2006 December 01, Nonemaker assigned the Pennsylvania business

15         banking group to another employee in spite of implying the group would be

16         assigned to Plaintiff Knapp and knowing that Knapp spent months networking

17         with the group based on said implying. Nonemaker "informed" Knapp during the

18         public introduction of said other employee.

19     **ANSWER:**    Defendants admit that Nonemaker assigned the Pennsylvania business

20 banking group to another employee in or around December 2001. Defendants deny the

21 allegations in paragraph 77 of the Complaint not expressly admitted.

22     78.    On or about 2006 December 05, Defendant Corporation hosted a blood drive on

23         the worksite which prohibited participation by persons with same gender

24         affectional/sexual orientation.

25     **ANSWER:**    Defendants admit that a blood drive was held on or near the worksite in or

26 about December 2006. Defendants lack knowledge or information sufficient to form a belief as

27 to the truth of the allegations of paragraph 78, and therefore deny the same.

28

SC1 17087608.1

1    79.    On or about 2006 December 06, moments before the company holiday party,

2           McGuire called Plaintiff Knapp into this office and evaluated Knapp verbally for

3           "having a negative attitude" and "spreading negativity around the organization."

4           When Knapp requested details, McGuire refused to provide any and threatened to

5           "write Knapp up for insubordination."

6    **ANSWER:**    Defendants admit that McGuire spoke with Knapp about making negative

7    statements at work. Defendants deny the allegations in paragraph 79 of the Complaint not

8    expressly admitted.

9    80.    On or about 2006 December 07, McGuire through Snider, threatened to

10          misappropriate Plaintiff Dear's commission of $5,160.00, for a loan to St. Cloud

11          Insurance Company. On 2007 January 10, Plaintiff Dear made a Human

12          Resources Department Complaint regarding the threat to misappropriate and

13          above-described harassment, hostile work environment, discrimination and

14          retaliation, failure to accommodate, and whistleblower retaliation. On 2007

15          January 31, Wachovia paid Dear $4,097.60 of said commission but refused to

16          otherwise investigate, make findings regarding, or abate the Complaint.

17   **ANSWER:**    Defendants deny the allegations contained in paragraph 80 of the

18   Complaint.

19   81.    On or about 2006 December, Defendant Corporations – by said harassment,

20          hostile work environment, discrimination and retaliation, failure to accommodate,

21          and whistleblower retaliation – constructively terminated Plaintiff Knapp.

22   **ANSWER:**    Paragraph 81 of the Complaint contains no factual allegations to admit or

23   deny. To the extent an answer is required, defendants deny the allegations of paragraph 81.

24   82.    On or about 2006 December 07, Plaintiff Knapped obtained a new position at

25          Barclays Corporation. McGuire learned about said, became agitated, threatened

26          Knapp should have obtained McGuire's permission before interviewing, and

27          promised to interfere with the position. McGuire asked Plaintiff Dear if he was

28          leaving as well.

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCI 17087608.1

1    **ANSWER:**    Defendants deny the allegations contained in paragraph 82 of the

2    Complaint.

3    83.    On or about 2006 December 11, Plaintiff Knapp asked Nonemaker if Knapp

4         would receive his commissions for pending loans.  Nonemaker referred Knapp to

5         McGuire.  McGuire responded affirmatively.  Meanwhile, Nonemaker instructed

6         the heads of credit and processing to withhold said commissions.

7    **ANSWER:**    Defendants admit that in or about December 2006 Knapp asked

8    Nonemaker about commissions for pending loans, and that Nonemaker referred Knapp to

9    McGuire.  Defendants deny the allegations in paragraph 83 of the Complaint not expressly

10    admitted.

11    84.    On or about 2006 December 12, McGuire converted Plaintiff Knapp's

12         commissions.

13    **ANSWER:**    Paragraph 84 of the Complaint contains no factual allegations to admit or

14    deny.  To the extent an answer is required, defendants deny the allegations of paragraph 84.

15    85.    On or about 2006 December 12, while it is the policy and practice of defendants

16         to congratulate employees who advance, neither McGuire nor Nonemaker

17         congratulated Plaintiff Knapp.  Nonemaker's announcement email tersely read,

18         "Wanted to let you know that Patrick Knapp's last day with WSBC will be this

19         Friday 12/15."

20    **ANSWER:**    Defendants admitted that Nonemaker may have sent an email informing

21    others what Knapp's last day would be.  Defendants deny the allegations in paragraph 85 of the

22    Complaint not expressly admitted.

23    86.    On or about 2006 December 12-15, a rumor spread throughout the worksite to the

24         effect that Plaintiff Dear was transferring.  Company rules prohibit an employee

25         from transferring for six months if the employee receives a written warning or

26         probation.  To prevent Dear from obtaining a favorable transfer, McGuire through

27         Snider threatened to give Dear a written warning for insubordination.  Snider

28         telephoned Dear at his home on a day off to inform Dear about the written

24

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SC1 17087608.1

1    warning instead of waiting to inform Dear at work. The "insubordination" was

2    working on a loan of a well-respected customer after Snider told Dear the loan

3    would not be approved. After Dear stopped working on said loan, a senior vice-

4    president reversed Snider. The loan was approved.

5    **ANSWER:**    Defendants admit that employees of Wachovia SBA Lending, Inc. who are

6    subject to a corrective action are not eligible to transfer. Defendants further admit that in or

7    about December 2006, Snider learned that Dear had submitted a loan to the credit department for

8    approval after Snider declined the loan. Defendants further admit that Snider called Dear and

9    told him that Dear would receive a written warning for insubordination. Defendants aver that the

10    written warning ultimately was not issued. Defendants deny the allegations in paragraph 86 of

11    the Complaint not expressly admitted.

12    87.    On or about 2006 December 13, Plaintiff Knapp learned that McGuire attempted

13    to interfere with Knapp's transfer.

14    **ANSWER:**    Defendants deny the allegations contained in paragraph 87 of the

15    Complaint.

16    88.    On or about 2006 December 14, Plaintiff Dear won "Top Producer." McGuire

17    "announced" said by throwing two $50.00 gift certificates on Dear's desk and

18    stating "This is for being top producer in the quarter or something like that."

19    McGuire did not publicly congratulate Dear.

20    **ANSWER:**    Defendants admit that Dear won recognition as a Top Performer in or

21    about December 2006, and that he was rewarded with gift certificates which McGuire presented

22    to him. Defendants deny the allegations in paragraph 88 of the Complaint not expressly

23    admitted.

24    89.    On or about 2006 December 14 – the day before Plaintiff Knapp's last day,

25    McGuire ordered all of Knapp's systems turned off and barred Knapp from the

26    worksite.

27    **ANSWER:**    Defendants deny the allegations contained in paragraph 89 of the

28    Complaint.

25

90.     On or about 2006 December 21, McGuire hosted a lunch meeting.  McGuire discussed all staffing changes except Plaintiff Knapp's transfer.

**ANSWER:**    Defendants admit that McGuire led a lunch meeting on or about December 21, 2006, and that he did not discuss Knapp's transfer.  Defendants deny the allegations in paragraph 90 of the Complaint not expressly admitted.

91.     On or about 2006 December 23, co-workers hosted a Christmas party.  Neither Plaintiffs Knapp or Dear were invited.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91, and therefore deny the same.

92.     From about 2006 December to 2007 June, Defendant Corporations converted $27,176.00 in commissions of Knapp.

**ANSWER:**    Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     On or about 2007 January, Wachovia awarded Dear "Second Place for 'Kick'in It Into Gear" for submitting the second highest number of applications.

**ANSWER:**    Defendants admit the allegations of paragraph 93 of the Complaint.

94.     On or about 2007 January, the Gallop Company released the results of a year-long customer service satisfaction survey.  Gallop awarded Plaintiff Knapp 6.9 out of 7.0 and Plaintiff Dear 6.8 out of 7.0.  Knapp received the highest score, but Dear received the highest score of any current employee.  Defendants failed and refused to recognize the awards.

**ANSWER:**    Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     From about 2007 January to March, Wachovia awarded Plaintiff Dear "First Quarter Employee Recognition" for overall performance.

**ANSWER:**    Defendants admit that Dear won recognition as a Top Performer for the first quarter of 2007.  Defendants deny the allegations in paragraph 95 of the Complaint not expressly admitted.

26

SC1 17087608.1

1    96.    From about 2007 January to May, Plaintiff Dear became "Top Funder for '7A'

2            Loans" by funding 10 loans for $7,052,200.

3    **ANSWER:**    Defendants deny the allegations contained in paragraph 96 of the

4    Complaint.

5    97.    On or about 2007 February 01, Plaintiffs Knapp and Dear filed Complaints with

6            the Department of Fair Employment and Housing in which Knapp and Dear

7            detailed the above harassment, hostile work environment, discrimination and

8            retaliation, failure to accommodate, and whistleblower retaliation.  On or about

9            2007 February 20, the Department issued right to sue letters to Knapp and Dear.

10           On or about 2007 March 26, Knapp and Dear served said Complaints and letters

11           on defendants by certified mail.

12   **ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

13   the truth of the allegations of paragraph 97, and therefore deny the same.

14   98.    On or about 2007 February 09, Plaintiff Dear filed a Complaint with the Equal

15           Employment Opportunity Commission in which Dear detailed the above

16           harassment, hostile work environment, discrimination and retaliation, failure to

17           accommodate, and whistleblower retaliation.  On or about 2007 June 29, the

18           Commission issued a right to sue letter to Dear.  On or about 2007 March 21,

19           Plaintiff Knapp filed a Complaint with the Equal Employment Opportunity

20           Commission in which detailed the above harassment, hostile work environment,

21           discrimination and retaliation, failure to accommodate, and whistleblower

22           retaliation.  On or about 2007 June 12, the Commission issued a right to sue letter

23           to Knapp.

24   **ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

25   the truth of the allegations of paragraph 98, and therefore deny the same.

26   99.    On or about 2007 April 01, Defendant Corporations advertised approximately

27           fifty (50) positions with an MBA qualification.  Defendant Corporations maintain

28           an educational policy which encourages employees to obtain graduate degrees in

27

1    general and MBAs in particular by reimbursing the employee for tuition and

2    books. Plaintiff Dear applied for said program. McGuire denied the application.

3    The stated reason was "it is not necessary for your career." Said implied that

4    Dear's career would be limited.

5    **ANSWER:**    Defendants deny the allegations contained in paragraph 99 of the

6    Complaint.

7    100.    On or about 2007 April 17, McGuire negatively evaluated Plaintiff Dear as

8    follows:

9    The evaluation did not mention accomplishments. For example,
    the evaluation did not include work with the Employee
10    Recognition Committee, the Gainesville seminar, statistical work
    for McGuire, or awards.

11

12    Even though Plaintiff Dear received the highest customer
    satisfaction ranking for 2006 from Gallop, the evaluation scored
13    Dear "3.0" out of "5.0" for customers satisfaction, described Dear
    as "Effective" but not "Strength" or "Significant Strength," and did
14    not mention the Gallop ranking.

15    The evaluation criticized Plaintiff Dear's rejection rate even
    though other lenders with higher rejection rates are not so
16    evaluated. Snider wrote the draft of the evaluation. Snider
    previously praised Dear's effort to improve his rejection rate. That
17    praise was not reflected in the final draft of the evaluation prepared
    by McGuire. Dear made a complaint in writing to Snider on this
18    issue. Snider agreed with Dear.

19    Even though Plaintiff Dear had consistently required more
    feedback from Wachovia and complained to McGuire about not
20    received said, the evaluation scored Dear "3.0" out of "5.0" for
    "Asks for Feedback and Responds to Feedback."

21    The evaluation scored Dear "3.0" out of "5.0" for "Promoting
22    Diversity." The evaluation did not mention Dear's outreach to his
    co-workers and supervisors or Dear's work with the Employee
23    Recognition Committee, Human Resources Department, the
    Department of Fair Employment and Housing, or the Equal
24    Employment Commission.

25    The evaluation scored Dear "4.0" out of "5.0" for "Achieving
    Goals" in spite of the fact that the relevant Goal was funding
26    $10,000,000.00 in loans, and Dear funded $14,208.690.00.

27    **ANSWER:**    Defendants admit that Dear was given an evaluation of his 2006

28    performance in or about April 2007, and aver that the evaluation was prepared by Snider.

28

SCI 17087608.1

1    Defendants admit that the review did not specifically reference Dear's participation in the

2    Employee Recognition Committee, a "Gainesville seminar" or the alleged "statistical work."

3    Defendants further admit that Dear received a rating of "3" in the "Focusing on the Customer"

4    category of the review, which signified "Effective" performance in that category. Defendants

5    further admit that the review did not refer to any alleged "Gallop ranking," which defendants

6    aver did not exist. Defendants further admit that Dear received a rating of "3" in the areas titled

7    "Asks for and responds positively to feedback and constructive criticism" and "Respects and

8    values different experiences, identity groups, perspectives and ideas." Defendants further admit

9    that the review did not mention Dear's alleged work with the Human Resources Department, the

10   Department of Fair Employment and Housing, or the Equal Employment Commission.

11   Defendants further admit that Dear's funding goal for 2006 was $10 million; that his total

12   funding was $14,208,690; and that he received a rating of "4," signifying "Excellent

13   performance," relative to the funding goal. Defendants deny the allegations in  paragraph 100 of

14   the Complaint not expressly admitted.

15        101.    On or about 2007 May 11, Defendant Corporations promoted Dear to Senior

16                 Commercial Lender beginning 2007 June 01 with a base salary increase to

17                 $50,000.00 and the title Assistant Vice President.

18      **ANSWER:**    Defendants deny the allegations contained in paragraph 101 of the

19   Complaint.

20        102.    On or about 2007 May 21, Defendant Corporations awarded Plaintiff Dear,

21                 "Rookie of the Year."

22      **ANSWER:**    Defendants admit that Wachovia SBA Lending, Inc. named Dear Rookie

23   of the Year for 2006. Defendants deny the allegations in paragraph 102 of the Complaint not

24   expressly admitted.

25        103.    On or about 2007 May 21, Defendant Corporations awarded Plaintiff Dear, "First

26                 Quarter Employee Recognition."

27

28

SC1 17087608.1

1    **ANSWER:**    Defendants admit that Wachovia SBA Lending, Inc. awarded Dear First
2    Quarter Employee Recognition in 2007. Defendants deny the allegations in paragraph 103 of the
3    Complaint not expressly admitted.

4        104.    On or about 2007 May, Defendant Corporations awarded Plaintiff Dear
5                "Commercial Business Lender of the Month." Said award included presentation
6                of a 30" brass and wood trophy. Historically, said award was presented in
7                monthly sales meetings. Defendant Corporations presented the award to Dear by
8                silently placing the trophy on Dear's desk.

9    **ANSWER:**    Defendants admit that Wachovia SBA Lending, Inc. named Dear
10    "Commercial Business Lender of the Month" in or about May 2007. Defendants further admit
11    that the trophy was placed on Dear's desk. Defendants deny the allegations in paragraph 104 of
12    the Complaint not expressly admitted.

13        105.    On or about 2007 May 29, McGuire through Snider gave Dear a verbal warning.
14                The stated basis for the warning was that Dear's Paradise Vending, Anderson
15                Restaurant, B Band T, Auro-Turf, and Never Quit loans were rejected by the
16                Underwriting Department. Underwriting failed to give a reason for the rejections.
17                McGuire socializes with key Underwriting Department officers. McGuire
18                through Snider prohibited Dear from contacting Underwriting about the
19                rejections. Paradise and Anderson were funded by competitors.

20    **ANSWER:**    Defendants admit that Snider counseled Dear on or about May 29, 2007
21    regarding the rejection of multiple loan applications. Defendants lack knowledge or information
22    sufficient to form a belief as to whether Paradise and Anderson were funded by competitors and
23    therefore deny the same. Defendants deny the allegations in paragraph 105 of the Complaint not
24    expressly admitted.

25        106.    On or about 2007 June 14, McGuire through Snider reversed Dear's promotion.
26
27
28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SC1 17087608.1

1    **ANSWER:**    Defendants deny that Dear was promoted, and thus aver that there was no

2    promotion to reverse. Defendants deny the allegations in paragraph 106 of the Complaint not

3    expressly admitted.

4    107.    Defendant Corporations held their annual Clearlake Camping Retreat and invited

5        all male Commercial Business Lenders except Dear.

6    **ANSWER:**    Defendants deny the allegations contained in paragraph 107 of the

7    Complaint.

8    108.    On or about 2007 June 11 and 13, Plaintiff Dear submitted Sales Information

9        Worksheets for Outdoor Recreation Concepts and Summer Insurance. Dear

10        requested feedback from Snider. Snider refused to provide said.

11    **ANSWER:**    Defendants admit that Dear submitted sales information worksheets for

12    review by Snider in or about June 2007. Defendants deny the allegations in paragraph 108 of the

13    Complaint not expressly admitted.

14    109.    On or about 2007 June 15, McGuire through Snider gave Dear a written warning.

15        The stated basis was that Defendant Corporations' Senior Vice Presidents John

16        Duce and Debra Buckland made complaints against Dear and demanded that all

17        of Dear's loans be submitted first to a gatekeeper. Plaintiff Dear asked McGuire

18        through Snider the content of the complaints. McGuire through Snider refused to

19        respond. Plaintiff Dear contacted both Duce and Buckland directly. Duce

20        responded that he never asked for a gatekeeper and Buckland refused to take

21        Dear's call.

22    **ANSWER:**    Defendants admit that Snider issued Dear a written warning on or about

23    June 15, 2007, and that the warning was prompted in part by complaints from John Duce and

24    Debra Buckland. Defendants lack knowledge or information sufficient to form a belief as to

25    whether Dear contacted Duce and/or Buckland, or what, if any response he received, and

26    therefore deny the same. Defendants deny the allegations in paragraph 109 of the Complaint not

27    expressly admitted.

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCI 17087608.1

1    110.    On or about 2007 June 27, Dear made a written complaint to McGuire to the

2            effect that the written warning was discriminatory and retaliatory. McGuire

3            refused to take, process, investigate, make findings regarding, or abate said

4            complaint.

5    **ANSWER:**    Defendants admit that on or about June 27, 2007 Dear submitted a written

6    response to the June 15, 2007 written warning, in which he stated that he believed the written

7    warning may have been retaliatory or discriminatory. Defendants deny the allegations in

8    paragraph 110 of the Complaint not expressly admitted.

9    111.    On or about 2007 June 29, McGuire through Snider appointed Defendant

10           Corporations' Worker Michael David to act as a gatekeeper for Dear's loans.

11           Buckland instructed Dear's customers that all of Dear's loans were being

12           processed through a gatekeeper because the gatekeeper "is competent and

13           experienced" – implying that Dear was not competent or experienced.

14   **ANSWER:**    Defendants admit that Michael David was designated to act as gatekeeper

15   for Dear's loans. Defendants lack knowledge or information sufficient to form a belief as to

16   what Buckland allegedly told Dear's customers, and on that basis deny those allegations.

17   Defendants deny the allegations in paragraph 111 of the Complaint not expressly admitted.

18   112.    On or about 2007 July 02, Dear submitted an application for a $156,000.00 loan

19           to First Coast Mortuary to Snider. Snider approved submission of the application.

20           David rejected the application. Defendant Corporations' Senior Vice President

21           Richard Watts reversed David's rejection. Watts reversed himself. The loan was

22           rejected.

23   **ANSWER:**    Defendants admit that on or about July 2, 2007, Dear submitted an

24   application for a loan of approximately $156,000 to Snider. Defendants further admit that David

25   rejected the application. Defendants deny the allegations in paragraph 112 of the Complaint not

26   expressly admitted.

27   ///

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCI 17087608.1

113.    On or about 2007 July 10, McGuire through Snider contacted Dear's customers, prohibited said from directly contacting Dear, and advised the customers to only contact David.

**ANSWER:**    Defendants deny the allegations contained in paragraph 113 of the Complaint.

114.    On or about 2007 July 10, David pulled a loan application from Dear's desk, David asked Dear if the loan met qualifications, Dear informed David that the loan met qualifications, David investigated Dear's response. David found the loan to be qualified.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 and therefore deny the same.

115.    On or about 2007 July 20, Dear submitted applications for Lakeview Liquors and All Satellite Systems. Dear requested feedback from McGuire through Snider. McGuire through Snider refused to provide said feedback.

**ANSWER:**    Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.    On or about 2007 August 11, Defendant Corporations – by said harassment, hostile work environment, discrimination and retaliation, failure to reasonably accommodate, and whistleblower retaliation – constructively terminated Dear.

**ANSWER:**    Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    Plaintiff Knapp lost income as follows: Start date for new employer Barclays Corporation is about 2006 December 07. Wachovia base $40,000.00; Barclays base $72.500.00 *[sic]*; Difference ($32,500.00); Commissions of $27,176.00 for funding year 2006; Commissions of $98,000.00 for funding year 2007; Commissions of $140,000.00 for funding year 2008; Growing commissions for following years until 2018; Pension, 401k, and stock option benefits from 2018 to

33

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCI 17087608.1

1     2032; and Medical benefits form 2018 to 2032.  Dear lost income as follows:

2     Start date for new employer Popular SBC Corporation is about 2007 September

3     01; Wachovia base $45,000.00; Popular base $75,000.00; Difference

4     ($30,000.00); Commissions of $20,400.00 for funding year 2006; Commissions

5     of $74,000.00 for funding year 2007; Commissions of $120,000.00 for funding

6     year 2008; Growing commissions for following years until 2027; and Pension,

7     401k, and stock option benefits from 2027 to 2041.

8     **ANSWER:**    Defendants deny the allegations contained in paragraph 117 of the

9     Complaint.

10                              **CONTINUING VIOLATION**

11    118.    The harassment, hostile work environment, discrimination and retaliation, failure

12           to reasonably accommodate, whistleblower retaliation, converting property,

13           intentionally causing injury, committing wrongful business acts, and breach of

14           contracts constitutes a CONTINUING VIOLATION of 42 United States Code

15           Section 2000e et seq., 42 United States Code Section 12101 et seq., Government

16           Code Section 12900 et seq., the Common Law of the State of California, Labor

17           Code Section 1102.5 et seq., Civil Code Section 1714 et seq., Business and

18           Professions Code Section 17200 et seq., other provisions of the United States and

19           California Code, and the public policy of the United States and State of California

20           as that policy is set forth in the United States Constitution, United States Code,

21           Constitution of the State of California, and California Code.

22    **ANSWER:**    Paragraph 118 of the Complaint contains no factual allegations to admit or

23    deny.  To the extent an answer is required, Defendants deny the allegations of paragraph 118.

24                              **ACTIONABILITY**

25    119.    The harassment, hostile work environment, discrimination and retaliation, failure

26           to reasonably accommodate, whistleblower retaliation, converting property,

27           intentionally causing injury, committing wrongful business acts, and breach of

28

                                          34

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCI 17087608.1

1    contracts is actionable under 42 United States Code Section 2000e et seq., 42

2    United States Code Section 12101 et seq., Government Code Section 12900 et

3    seq., the Common Law of the State of California, Labor Code Section 1102.5 et

4    seq., Civil Code Section 1714 et seq., Business and Professions Code Section

5    17200 et seq., and other provisions of the United States and California Code.

6    **ANSWER:**    Paragraph 119 of the Complaint contains no factual allegations to admit or

7    deny.  To the extent an answer is required, Defendants deny the allegations of paragraph 119.

8    120.    Plaintiffs exhausted their administrative remedies.

9    **ANSWER:**    Paragraph 120 of the Complaint contains no factual allegations to admit or

10    deny.  To the extent an answer is required, Defendants deny the allegations of paragraph 120.

11    **PUNITIVE DAMAGES**

12    121.    Said misconduct was committed with malice, fraud, oppression, and in reckless

13    and knowing violation of the rights of plaintiffs under the same codes.  Said

14    misconduct was committed with actual knowledge or in reckless disregard of its

15    likely consequences as evidenced by:  The intentional nature of such misconduct,

16    the fact that such misconduct generally and usually causes physical and emotional

17    injuries, the fact that defendants were aware of the kind nature and exceptionally

18    vulnerability of plaintiffs and acted in spite of said awareness, the fact that

19    defendants occupy a position of particular power over plaintiffs as their employer

20    and committed such acts in spite of said knowledge, and the fact that defendants

21    were aware that such misconduct is proscribed but committed such misconduct

22    regardless of proscription.

23    **ANSWER:**    Defendants deny the allegations contained in paragraph 121 of the

24    Complaint.

25    **DAMAGES**

26    122.    As a proximate result of the stated misconduct of defendants, plaintiffs suffered

27    economic damages including, but not limited to:  Plaintiff Knapp lost income as

28    follows:  Start date for new employer Barclays Corporation is about 2006

1    December 07.  Wachovia base $40,000.00; Barclays base $72.500.00 *[sic]*;

2    Difference ($32,500.00); Commissions of $27,176.00 for funding year 2006;

3    Commissions of $98,000.00 for funding year 2007; Commissions of $140,000.00

4    for funding year 2008; Growing commissions for following years until 2018;

5    Pension, 401k, and stock option benefits from 2018 to 2032; and Medical benefits

6    form 2018 to 2032.  Dear lost income as follows:  Start date for new employer

7    Popular SBC Corporation is about 2007 September 01; Wachovia base

8    $45,000.00; Popular base $75,000.00; Difference ($30,000.00); Commissions of

9    $20,400.00 for funding year 2006; Commissions of $74,000.00 for funding year

10   2007; Commissions of $120,000.00 for funding year 2008; Growing commissions

11   for following years until 2027; and Pension, 401k, and stock option benefits from

12   2027 to 2041.

13   **ANSWER:**    Defendants deny the allegations contained in paragraph 122 of the

14   Complaint.

15   123.    As a further proximate result of the stated misconduct of defendants, plaintiffs

16   suffered non-economic damages including but not limited to:  1) Lost reputation

17   including personal, financial, professional, and credit; 2) Physical and emotional

18   injuries including severe emotional distress; and 3) Pain, suffering, and

19   inconvenience.  Plaintiff Knapp has been treated for severe emotional distress,

20   depression, and stress-related acid reflux disease by Dr. Jason Flamm, MD, of

21   Kaiser Hospital, Morris Avenue, Sacramento.  Plaintiff Dear has been treated for

22   severe emotional distress and depression by Dr. N.P. Bhosale, MD, of Kaiser

23   Hospital, Roseville; stress-related tooth grinding including loss of tooth by Dr.

24   Jeffrey McClure, DDS, Blue Oak Dental, 15 Sierra Gate Plaza, Roseville

25   (916.786.6777), and Dr. Kevin Chen, DDS, Capitol Peridontal Group, 2428

26   Professional Drive, Suite 100, Roseville (916.786.6585); and stress-related acid

27   reflux disease by Dr. Jerry L. Lai, MD, 1001 Riverside Drive, Roseville.

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB
SC1 17087608.1

1    **ANSWER:**    Defendants deny that plaintiffs, or either of them, have suffered any

2    injury, loss or damage as the result of any act or omission on the part of defendants, or any of

3    them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the

4    remaining allegations of paragraph 123, and therefore deny the same.

5    **INJUNCTIVE RELIEF**

6    124.    No adequate remedy exists at law for the injuries suffered by plaintiffs herein

7    insofar as plaintiffs cannot be returned to whole absent injunctive relief. If this

8    court does not grant injunctive relief of the type and for the purpose specified

9    below, plaintiffs will continue to suffer irreparable injury. Therefore, plaintiffs

10    request the following injunctive relief: An order enjoining defendants from: 1)

11    Continuing to fail and refuse to take, process, investigate, make findings

12    regarding, or abate the complaints of plaintiffs, 2) Continuing to misappropriate

13    the commissions of plaintiffs, 3) Continuing to misrepresent the quality of work

14    of plaintiffs, 4) Continuing to harass employees with disabilities or of same

15    gender affectional/sexual orientation, 5) Continuing to maintain a hostile work

16    environment, 6) Continuing to discriminate and retaliate against employees with

17    disabilities or of same gender affectional/sexual orientation and employees who

18    make complaints of discrimination and retaliation, 7) Continuing to fail and refuse

19    to accommodate the disabilities of employees, and 8) Continuing to retaliate

20    against whistleblowers.

21    **ANSWER:**    Paragraph 124 of the Complaint contains no factual allegations to admit or

22    deny. To the extent an answer is required, Defendants deny the allegations of paragraph 124.

23    I.

24    FIRST CAUSE OF ACTION

25    FAILING TO ACCOMMODATE DISABILITY, MAINTAINING A HOSTILE WORK

26    ENVIRONMENT, AND DISCRIMINATION AND RETALIATION

27    (42 United States Code 2000e et seq., and 42 United States Code 12101 et seq.)

28    Alleged Against All Defendants

37

SC1 17087608.1

1    125.    Plaintiffs re-allege the foregoing.

2    **ANSWER:**    Defendants hereby incorporate their answers to the previous paragraphs of

3    the Complaint as if fully set forth herein.

4    126.    **42 United States Code 2000e-2 provides:**

5    "It shall be an unlawful employment practice for an employer
6    – (1) To Fail or refuse to hire or to discharge any individual, or
     otherwise to discriminate against any individual with respect to
7    his compensation, terms, conditions or privileges of
     employment, because of such individual's race, color, religion,
8    sex, or national origin; or (2) To limit, segregate, or classify his
     employees or applicants for employment in any way which
9    would deprive or tend to deprive any individual of employment
     opportunities or otherwise adversely affect his status as an
10   employee, because of such individual's race, color, religion,
     sex, or national origin."

11   **42 United States Code 2000e-3 provides:**

12   "It shall be an unlawful employment practice for an employer
     to discriminate against any of his employees or applicants for
13   employment, for an employment agency, or joint labor-
     management committee controlling apprenticeship or other
14   training or re-training, including on-the-job training
     programs, to discriminate against any individual, or for a
15   labor organization to discriminate against any member thereof
     or applicant for membership, because he has opposed any
16   practice made an unlawful employment practice by
     subchapter, or because he has made a change, testified,
17   assisted, or participated in any manner in an investigation,
     proceeding, or hearing under this subchapter."

18   

19   **42 United States Code Section 12112(a) provides:**

20   "No [employer] shall discriminate against a qualified
     individual with a disability because of the disability of such
21   individual in regard to job application procedure, the hiring,
     advancement, or discharge of employees, employee
22   compensation, job training, and other terms, conditions, and
     privileges of employment."

23   **ANSWER:**    Paragraph 126 of the Complaint contains no factual allegations to admit or

24   deny.

25   127.    The misconduct of defendants constitutes violations 42 United States Code

26   Section 2000e et seq., and 42 United States Code Section 12112(a) and is

27   actionable under the same, 42 United States Code Section 1988, 42 United States

28   Code Section 2000e-4 to -9, and 42 United States Code 12117(a).

38

1    **ANSWER:**    Defendants deny the allegations contained in paragraph 127 of the

2    Complaint.

3        128.    As a proximate result of said misconduct, plaintiffs incurred damages as alleged.

4    **ANSWER:**    Defendants deny the allegations contained in paragraph 128 of the

5    Complaint.

6        129.    Plaintiffs pray relief as follows.

7    **ANSWER:**    Paragraph 129 of the Complaint contains no factual allegations to admit or

8    deny.

9                                    II.

10                        SECOND CAUSE OF ACTION

11    FAILING TO ACCOMMODATE DISABILITY, MAINTAINING A HOSTILE WORK

12            ENVIRONMENT, AND DISCRIMINATION AND RETALIATION

13                    (Government Code Section 12900 et seq.)

14                        Alleged Against All Defendants

15        130.    Plaintiff re-allege the foregoing.

16    **ANSWER:**    Defendants hereby incorporate their answers to the previous paragraphs of

17    the Complaint as if fully set forth herein.

18        131.    **Government Code 12920 provides:**

19            **"It is hereby declared as the public policy of this state that it is
            necessary to protect and safeguard the right and opportunity**
20            **of all persons to seek, obtain, and hold employment without
            discrimination or abridgment on account of race, religious**
21            **creed, color, national origin, ancestry, physical disability,
            mental disability, medical condition, marital status, sex, or**
22            **age."**

23        **Government Code 12921 provides:**

24            **"The opportunity to seek, obtain, and hold employment
            without discrimination because of race, religious creed, color,**
25            **national origin, ancestry, physical disability, mental disability,
            medical condition, marital status, sex, or age is hereby**
26            **recognized as and declared to be a civil right."**

27        **Government Code 12940 provides:**

28

                                    39

SC1 17087608.1

1

> "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification[:]

2

3

> > (a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, or sex of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

4

5

6

7

8

> > *        *        *

9

> > (f) For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this act, or because the person filed a complaint, testified, or assisted in any proceeding under this part."

10

11

12

13    **ANSWER:**    Paragraph 131 of the Complaint contains no factual allegations to admit or

14    deny.

15    132.    The misconduct of defendants constitutes violations of Government Code

16    12900 et seq., and is actionable under the same.

17    **ANSWER:**    Defendants deny the allegations contained in paragraph 132 of the

18    Complaint.

19    133.    As a proximate result of said misconduct, plaintiffs incurred damages as

20    alleged.

21    **ANSWER:**    Defendants deny the allegations contained in paragraph 133 of the

22    Complaint.

23    134.    Plaintiffs pray relief as follows:

24    **ANSWER:**    Paragraph 134 of the Complaint contains no factual allegations to admit or

25    deny.

26    ///

27    ///

28    ///

40

SC1 17087608.1

III.

THIRD CAUSE OF ACTION

DISCRIMINATION AND RETALIATION

(Common Law)

Alleged Against All Defendants

135.    Plaintiffs re-allege the foregoing.

**ANSWER:**    Defendants hereby incorporate their answers to the previous paragraphs of the Complaint as if fully set forth herein.

136.    **Common Law provides discrimination and retaliation in employment has the following elements:**

    **1) A public policy; 2) Conduct by the employer in violation of public policy, such as termination or other adverse employment action because of a) race, national origin, color, sex, or sexual orientation, or b) in retaliation for an employee's participation in legally protected activity or refusal to commit an illegal act; and 3) Damages resulting from the adverse employment action.**

    **Tameny v. Atlantic Richfield Co. (1980) 27 Cal. 3d 167, 174 and 178.**

**ANSWER:**    Paragraph 136 of the Complaint contains no factual allegations to admit or deny.

137.    The misconduct of defendants constitutes discrimination and retaliation in employment and is actionable under common law.

**ANSWER:**    Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.    As a proximate result of said misconduct, plaintiffs incurred damages as alleged.

**ANSWER:**    Defendants deny the allegations contained in paragraph 138 of the Complaint.

41

139.  WHEREFORE, plaintiffs pray judgment as herein set forth.

**ANSWER:**  Paragraph 139 of the Complaint contains no factual allegations to admit or deny.

IV.

FOURTH CAUSE OF ACTION

WHISTLEBLOWER RETALIATION

(Labor Code 1102.5)

Alleged Against All Defendants

140.  Plaintiffs re-allege the foregoing.

**ANSWER:**  Defendants hereby incorporate their answers to the previous paragraphs of the Complaint as if fully set forth herein.

141.  **Labor Code 1102. 5 provides:**

> **"(a)  An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.**
>
> **(b)  An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.**
>
> **(c)  An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.**
>
> **(d)  An employer may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment.**

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SC1 17087608.1

(e)    **A report made by an employee of a government agency to his or her employer is a disclosure of information to a government or law enforcement agency pursuant to subdivisions (a) and (b)."**

**ANSWER:**    Paragraph 141 of the Complaint contains no factual allegations to admit or deny.

142.    The misconduct of defendants constitutes violations of Government Code 1102.5 et seq., and is actionable under the same.

**ANSWER:**    Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.    As a proximate result of said misconduct, plaintiffs incurred damages as alleged.

**ANSWER:**    Defendants deny the allegations contained in paragraph 143 of the Complaint.

144.    Plaintiffs pray relief as follows.

**ANSWER:**    Paragraph 144 of the Complaint contains no factual allegations to admit or deny.

V.

FIFTH CAUSE OF ACTION

CONVERSION

(Common Law)

Alleged Against All Defendants

145.    Plaintiffs re-allege the foregoing.

**ANSWER:**    Defendants hereby incorporate their answers to the previous paragraphs of the Complaint as if fully set forth herein.

146.    **Common Law provides Conversion is:**

**1) The defendant taking or interfering with, 2) Tangible personal property of plaintiff, 3) With the intent to exercise dominion by an affirmative act or an omission, and 4) Causing injury to plaintiff.**

*Zaslow v. Kroenert* **(1946) 29 Cal. 2d 541, 549;** *Hartford Financial Corp. v. Burns* **(1979) 96 Cal. App. 3d 591, 602.**

43

1    **ANSWER:**    Paragraph 146 of the Complaint contains no factual allegations to admit or

2  deny.

3        147.    The misconduct of defendants constitutes conversion under common law

4               and is actionable under the same.

5    **ANSWER:**    Defendants deny the allegations contained in paragraph 147 of the

6  Complaint.

7        148.    As a proximate result of said misconduct, plaintiffs incurred damages as

8               alleged.

9    **ANSWER:**    Defendants deny the allegations contained in paragraph 148 of the

10  Complaint.

11        149.    WHEREFORE, plaintiffs pray judgment as herein set forth.

12    **ANSWER:**    Paragraph 149 of the Complaint contains no factual allegations to admit or

13  deny.

14                              VI.

15                     SIXTH CAUSE OF ACTION

16                 INTENTIONALLY CAUSING INJURY

17                        (Common Law)

18                   Alleged Against All Defendants

19        150.    Plaintiffs re-allege the foregoing.

20    **ANSWER:**    Defendants hereby incorporate their answers to the previous paragraphs of

21  the Complaint as if fully set forth herein.

22        151.    **Common law provides intentionally causing the injury is:**

23            **1) The intention of defendant to cause or reckless disregard or
             defendant of the probability of causing severe emotional
24            distress to plaintiff; 2) Conduct by defendant that is outside all
             bounds tolerated in a civilized community; and 3) Suffering by
25            plaintiff of fright, grief, shame, humiliation, embarrassment,
             anger, chagrin, disappointment, or worry as a proximate result
26            thereof.**

27            *Newby v. Alto Riviera Apartments* (1976) 60 Cal App. 3d 288,
             298; *Marine Point, Ltd. v. Wolfson* (1982) 30 Cal. 3d 721;
28

                              44
SC1 17087608.1

*Golden v. Dungan* (1971) 20 Cal. App. 3d 295, 311; *Fletcher* (1970) 10 Cal. App. 3d 376, 397.

**ANSWER:**    Paragraph 151 of the Complaint contains no factual allegations to admit or deny.

152.    The misconduct of defendants constitutes intentionally causing injury under common law and is actionable under the same.

**ANSWER:**    Defendants deny the allegations contained in paragraph 152 of the Complaint.

153.    As a proximate result of said misconduct, plaintiffs incurred damages as alleged.

**ANSWER:**    Defendants deny the allegations contained in paragraph 152 of the Complaint.

154.    WHEREFORE, plaintiffs pray judgment as herein set forth.

**ANSWER:**    Paragraph 154 of the Complaint contains no factual allegations to admit or deny.

VII.

SEVENTH CAUSE OF ACTION

WRONGFUL BUSINESS ACT

(Business and Professions Code 17200 et seq.)

Alleged Against All Defendants

155.    Plaintiffs re-allege the foregoing.

**ANSWER:**    Defendants hereby incorporate their answers to the previous paragraphs of the Complaint as if fully set forth herein.

156.    **Business and Professions Code 17200 provides a cause of action by an injured party against a person whose unlawful, unfair, or fraudulent business act or practice caused said injury.**

**ANSWER:**    Paragraph 154 of the Complaint contains no factual allegations to admit or deny.

SC1 17087608.1

1    157.    The misconduct of defendants constitutes violations of Business and Professions

2         Code 17200 et seq., and is actionable under the same.

3    **ANSWER:**    Defendants deny the allegations contained in paragraph 157 of the

4    Complaint.

5    158.    As a proximate result of said misconduct, plaintiffs incurred damages as alleged.

6    **ANSWER:**    Defendants deny the allegations contained in paragraph 158 of the

7    Complaint.

8    159.    WHEREFORE, plaintiffs pray judgment as herein set forth.

9    **ANSWER:**    Paragraph 159 of the Complaint contains no factual allegations to admit or

10    deny.

11    VIII.

12    EIGHTH CAUSE OF ACTION

13    BREACH OF CONTRACT

14    (Civil Code and Common Law)

15    Alleged Against All Defendants

16    160.    Plaintiff *[sic]* re-alleges the foregoing.

17    **ANSWER:**    Defendants hereby incorporate their answers to the previous paragraphs of

18    the Complaint as if fully set forth herein.

19    161.    **The Civil Code and Common Law define and provide a cause of action for**

20    **breach of a contract.**

21    **ANSWER:**    Paragraph 161 of the Complaint contains no factual allegations to admit or

22    deny.

23    162.    The misconduct of defendants constitutes breach of contract under the Civil Code

24    and common law and is actionable under the same.

25    **ANSWER:**    Defendants deny the allegations contained in paragraph 162 of the

26    Complaint.

27    163.    As a proximate result of said misconduct, plaintiffs incurred damages as alleged.

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SC1 17087608.1

1    **ANSWER:**    Defendants deny the allegations contained in paragraph 163 of the

2    Complaint.

3        164.    WHEREFORE, plaintiffs pray judgment as herein set forth.

4    **ANSWER:**    Paragraph 164 of the Complaint contains no factual allegations to admit or

5    deny.

6                              **FIRST DEFENSE**

7                          (Failure to State a Claim)

8        Plaintiffs' complaint and each and every claim purported to be alleged therein fails to

9    state a claim upon which relief may be granted.

10                             **SECOND DEFENSE**

11                           (Improper Venue)

12       Venue in this District is improper, and the proper venue is in the Eastern District of

13   California.

14                              **THIRD DEFENSE**

15                          (Statute of Limitations)

16       Plaintiffs' complaint and each and every claim purported to be alleged therein is barred

17   by the applicable statute of limitations including, but not limited to, California Government Code

18   sections 12960 and 12965; California Labor Code section 98.7; California Code of Civil

19   Procedure sections 335.1, 337, 338, 339, 340 and 343; 42 U.S.C. section 2000e *et seq.*; and 42

20   U.S.C. section 12101 *et seq.*

21                             **FOURTH DEFENSE**

22           (Exhaustion of Administrative Remedies – First Cause of Action)

23       Plaintiffs' first cause of action is barred to the extent plaintiffs have failed to exhaust their

24   administrative remedies pursuant to 42 U.S.C. section 2000e *et seq.*, 42 U.S.C. section 12101 *et*

25   *seq.*, and all other applicable laws.

26   ///

27   ///

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SC1 17087608.1

1

## FIFTH DEFENSE

2

(Exhaustion of Administrative Remedies – Second Cause of Action)

3

Plaintiffs' second cause of action is barred to the extent plaintiffs have failed to exhaust

4

their administrative remedies pursuant to California Government Code sections 12960 and/or

5

12965.

6

## SIXTH DEFENSE

7

(Exhaustion of Administrative Remedies – Fourth Cause of Action)

8

Plaintiffs' fourth cause of action is barred on the ground that plaintiffs have failed to

9

exhaust their administrative remedies by filing a complaint with the California Labor

10

Commissioner pursuant to California Labor Code section 98.7.

11

## SEVENTH DEFENSE

12

(Good Faith)

13

Any and all conduct of which plaintiffs complain or which is attributed to defendants was

14

a just and proper exercise of management discretion, at all times privileged and justified, and

15

undertaken for fair and honest reasons, in good faith and without malice.

16

## EIGHTH DEFENSE

17

(Workers' Compensation Preemption)

18

Plaintiffs' complaint and each and every claim purported to be alleged therein is barred

19

and preempted by the exclusivity provisions of the California Workers' Compensation Act,

20

Labor Code section 3600 *et seq.*

21

## NINTH DEFENSE

22

(Same Decision)

23

Plaintiffs' remedies are limited pursuant to 42 U.S.C. § 2000e-5(g)(2)(B) because

24

defendant(s) would have taken the same action in the absence of the alleged impermissible

25

motivating factor.

26

///

27

///

28

48

SC1 17087608.1

1

### TENTH DEFENSE

2

(Waiver)

3    Plaintiffs' complaint and each and every claim purported to be alleged therein is barred in

4    whole or in part by the doctrine of waiver.

5

### ELEVENTH DEFENSE

6

(Unclean Hands)

7    Plaintiffs' complaint and each and every claim purported to be alleged therein is barred,

8    to the extent they had unclean hands.

9

### TWELFTH DEFENSE

10

(Estoppel)

11    Plaintiffs' complaint and each and every claim purported to be alleged therein is barred in

12    whole or in part by judicial, equitable and/or collateral estoppel.

13

### THIRTEENTH DEFENSE

14

(Laches)

15    Plaintiffs' complaint and each and every claim purported to be alleged therein is barred in

16    whole or in part by the doctrine of laches.

17

### FOURTEENTH DEFENSE

18

(Consent)

19    Plaintiffs' complaint and each and every claim purported to be alleged therein is barred in

20    whole or in part because any conduct by defendants was ratified, consented to and/or acquiesced

21    in by plaintiffs.

22

### FIFTEENTH DEFENSE

23

(Ellerth/Faragher)

24    Defendants exercised reasonable care to prevent and correct promptly any harassing

25    behavior, and plaintiffs unreasonably failed to take advantage of the preventive and corrective

26    opportunities provided by their employer or to avoid harm otherwise.

27    ///

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SC1 17087608.1

1

## SIXTEENTH DEFENSE

2

### (Business Necessity)

3       Plaintiffs' complaint, and each claim attempted to be stated therein, is barred because

4   defendants acted in accordance with a qualification standard and/or selection criterion that is job-

5   related and consistent with business necessity, and such performance cannot be accomplished by

6   reasonable accommodation.

7

## SEVENTEENTH DEFENSE

8

### (Reasonable Accommodation)

9       Plaintiffs' complaint, and each claim attempted to be stated therein, is barred because

10  defendants fulfilled whatever obligation they may have had to reasonably accommodate

11  plaintiffs' alleged disabilities to the extent possible in light of business necessities.

12

## EIGHTEENTH DEFENSE

13

### (Undue Hardship)

14      Plaintiffs' complaint, and each claim attempted to be stated therein, is barred because

15  plaintiffs' alleged disabilities could not be accommodated without undue hardship to defendants.

16

## NINETEENTH DEFENSE

17

### (Failure To Engage In Interactive Process)

18      Plaintiffs' complaint, and each claim attempted to be stated therein, is barred because

19  defendants attempted to engage in a timely, good faith, interactive process with plaintiffs to

20  determine effective reasonable accommodations, if any, for their alleged disability, and plaintiffs

21  were responsible for any breakdown in the interactive process.

22

## TWENTIETH DEFENSE

23

### (After-Acquired Evidence)

24      Plaintiffs' claims for damages are barred to the extent they engaged in any fraud or

25  misconduct of which defendants were unaware until after plaintiffs filed suit, and which, if

26  known would have caused plaintiffs to be terminated or not hired in the first place.

27  ///

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCI 17087608.1

1

### TWENTY-FIRST DEFENSE

2

(Avoidable Consequences)

3  If plaintiffs sustained any injury, damage or loss by reason of any act, error or omission

4  on the part of defendants, said injury, damage, or loss must be reduced to the extent that they

5  failed to exercise reasonable care to avoid or limit the alleged harm.

6

### TWENTY-SECOND DEFENSE

7

(Failure To Mitigate)

8  Plaintiffs are not entitled to back pay and/or other damages for any claim purported to be

9  alleged in their complaint to the extent that they failed to seek and obtain other employment and

10  otherwise failed to mitigate their alleged loss of wages or other damages.

11

### TWENTY-THIRD DEFENSE

12

(Offset)

13  To the extent plaintiffs have received other benefits and/or awards attributable to an

14  injury for which they seek compensation in this case, such benefits and/or awards should offset,

15  in whole or in part, any award they receive here for the same injury.

16

### TWENTY-FOURTH DEFENSE

17

(Comparative Fault)

18  If plaintiffs sustained any injury, damage or loss by reason of any act, error or omission

19  on the part of defendants, said injury, damage or loss must be reduced on the basis of

20  comparative fault or negligence of plaintiffs or others which contributed to and proximately

21  caused any such injury, damage or loss.

22

### TWENTY-FIFTH DEFENSE

23

(Kolstad)

24  Plaintiffs may not recover punitive damages against the corporate defendants for the

25  employment decisions of its agent(s) to the extent that those decisions were contrary to policies

26  the corporate defendants have instituted against wrongful conduct.

27  ///

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SCI 17087608.1

1    **TWENTY-SIXTH DEFENSE**

2    (Failure To State A Claim For Punitive Damages)

3        Plaintiffs' complaint and each and every claim purported to be alleged therein fails to

4    state a claim for punitive damages under California Civil Code section 3294.

5        WHEREFORE, defendants pray for judgment as follows:

6        1.    That plaintiffs take nothing by their complaint;

7        2.    That the complaint and each and every claim be dismissed in its entirety with

8    prejudice;

9        3.    For defendants' costs and reasonable attorneys' fees; and

10       4.    For such other further relief as this Court may deem just and proper.

11   DATED: January 9, 2008                      SEYFARTH SHAW LLP

12

13                         By: /s/  Mark P. Grajski

14                         Mark P. Grajski
                      Attorneys for Defendants

15                         WACHOVIA CORPORATION,
                      WACHOVIA SBA LENDING, INC.,
                      KENNETH MCGUIRE and ANN

16                         NONEMAKER

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT/ Case No. C 07-4551 WDB

SC1 17087608.1