SEYFARTH SHAW LLP
Mark Grajski (SBN 178050) MGrajski@seyfarth.com
400 Capital Mall #2350
Sacramento, California 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

SEYFARTH SHAW LLP
Eden Anderson (SBN 233464) EAnderson@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
WACHOVIA CORPORATION,
WACHOVIA SBA LENDING, INC.,
KENNETH MCGUIRE, and ANN NONEMAKER

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEITH PATRICK KNAPP, THOMAS HAMPTON DEAR,<br><br>Plaintiffs,<br><br>v.<br><br>WACHOVIA CORPORATION, a Corporation, WACHOVIA SBA LENDING, INC., a Corporation, KENNETH MCGUIRE, an Individual, ANN NONEMAKER, an Individual, and DOES 1-300,<br><br>Defendants. | Case No. C-07-4551 SI<br><br>**RE-NOTICE OF MOTION AND MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. § 1406(A), AND TO DISMISS PURSUANT TO FRCP 12(B)(3); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 22, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Susan Illston<br>Dept./Place: Courtroom 10, 19th Floor |

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Friday, February 22, 2008 at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 10 of the above captioned Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, Defendants Wachovia Corporation, Wachovia SBA Lending, Inc., Kenneth McGuire, and Ann Nonemaker will and hereby do move the Court to transfer this action to the United States District Court for the Eastern District of

1 California. Venue in this Court is improper as not all Defendants reside in California, and
2 because a substantial part of the alleged events and omissions on which Plaintiffs' claims are
3 based occurred in the Eastern District of California. Moreover, venue in this Court is
4 inconvenient for the witnesses and parties. Plaintiffs were employed in the Eastern district,
5 continue to reside there, and witnesses and records relating to their claims are also located in the
6 Eastern District.

7 This motion is based on this Notice of Motion and Motion, the Declaration of Kenneth
8 McGuire, the attached Memorandum of Points and Authorities, and any oral argument as may be
9 heard at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

All of Plaintiffs' claims in this action arise out of their employment for Defendant Wachovia SBA Lending, Inc. ("WSBA") in Roseville, California, located in the Eastern District. Plaintiffs worked for WSBA in Roseville, and continue to reside thereabout. The records pertaining to their employment are located in Roseville, as are the witnesses that Plaintiffs allege have knowledge of purported events giving rise to their claims.

Plaintiffs' claims have no connection to the Northern District, and neither do the individual defendants they seek to hold liable. Individual Defendant Kenneth McGuire resides, like Plaintiffs, in Roseville, and individual Defendant Ann Nonemaker resides in Doylestown, Pennsylvania. Given these facts, venue in the Northern District is improper and transfer is warranted either under the mandatory transfer provisions of 28 U.S.C. § 1406(a), or the discretionary transfer provisions of 28 U.S.C. § 1404(a). Additionally, Plaintiffs' Title VII and ADA claims against Nonemaker, a Pennsylvania resident, are not properly venued in any California court, and should be dismissed pursuant to Rule 12(b)(3).

### II. STATEMENT OF RELEVANT FACTS

#### A. Plaintiffs And Their Claims

1    Plaintiffs Leith Patrick Knapp and Thomas Hampton Dear ("Plaintiffs") are former employees of Defendant Wachovia SBA Lending, Inc. ("WSBA"). (Declaration of Kenneth McGuire ("McGuire Decl.") ¶ 3.) During their respective terms of employment with WSBA, Plaintiffs resided in Rocklin, California and worked in Roseville, California, suburbs located near Sacramento and in the Eastern District of California. (*Id.*) Plaintiffs presently continue to reside and work in Roseville. (*Id.*)

On September 4, 2007, Plaintiffs filed a Complaint in this Court, alleging various state and federal employment-related claims against WSBA, holding company Wachovia Corporation, and individual defendants Kenneth McGuire and Ann Nonemaker. The Complaint alleges eight causes of action against all Defendants for: (1) Failure to Accommodate Disability, Maintaining a Hostile Work Environment (based on Plaintiffs' sexual orientation), and Sexual Orientation Discrimination and Retaliation in Violation of Title VII[1] and the ADA; (2) Failure to Accommodate Disability, Maintaining a Hostile Work Environment (based upon Plaintiffs' sexual orientation), and Sexual Orientation Discrimination and Retaliation in Violation of California's FEHA; (3) Discrimination and Retaliation in Violation of Public Policy; (4) Whistleblower Retaliation in Violation of California Labor Code Section 1102.5; (5) Conversion; (6) Intentional Infliction of Emotional Distress; (7) Wrongful Business Practices in Violation of California Business and Professions Code Section 17200 *et seq.*; and (8) Breach of Contract. (Complaint, ¶¶ 125-164.)

Plaintiffs allege that this Court has federal question jurisdiction over the Title VII and ADA claims. (Complaint, ¶ 2.) Plaintiffs also assert that the Court has diversity jurisdiction because Plaintiffs are diverse from the corporate defendants. (*Id.*) No mention is made as to the residence of the individual defendants, however. (*Id.*) Although Plaintiffs worked in Roseville,

---

[1] / While Plaintiffs cite to Title VII to support their claims of sexual orientation discrimination, harassment, and retaliation, sexual orientation is not a protected class under federal law. *See* 42 U.S.C. § 2000e-2; *see also Holloway v. Arthur Anderson & Co.*, 556 F.2d 659 (9th Cir. 1977). Thus, Plaintiffs cannot state a claim under Title VII. Additionally, there is no individual liability under either Title VII or the ADA. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583 (9th Cir. 1993) (Title VII); *Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033 (9th Cir. 2006) (ADA). Certain of Plaintiffs' state law claims against the individuals are not cognizable claims as well.

California while employed by WSBA, they nevertheless assert that venue in this Court is proper because they supposedly "worked and would have continued working in the Northern District". Plaintiffs also allege that venue is proper in this Court because the corporate defendants "are California headquartered" and have their "California principal place of business in Oakland." (*Id.*)

### B. The Corporate And Individual Defendants

#### 1. Wachovia Corporation

Wachovia Corporation ("Wachovia") is headquartered in, and incorporated under the laws of, North Carolina. (Complaint, ¶ 2.) Wachovia is a holding company and the parent corporation of Wachovia Bank, N.A., which, in turn, is the parent corporation of Defendant WSBA. (McGuire Decl. ¶ 2.) Wachovia's subsidiaries provide a wide range of financial services to institutional and individual clients. Wachovia does not exercise control over the day-to-day operations of WSBA, and it was not Plaintiffs' employer. (McGuire Decl. ¶ 2.)

#### 2. Wachovia SBA Lending Company, Inc.

WSBA is headquartered in Roseville, California and incorporated under the laws of the State of New Jersey. (McGuire Decl. ¶ 2.) WSBA is a provider of commercial loans to small businesses and operates under the trade name Wachovia Small Business Capital, or WSBC. (McGuire Decl. ¶ 3.)

#### 3. Kenneth McGuire

Kenneth McGuire is an individual who resides in Roseville, California and works for WSBA. (McGuire Decl. ¶ 4.)

#### 4. Ann Nonemaker

Ann Nonemaker is an individual who resides in Doylestown, Pennsylvania and works for WSBA. (McGuire Decl. ¶ 4.) During a portion of Plaintiffs' employment, Nonemaker worked for WSBA in Roseville, California. (*Id.*)

### III. ARGUMENT

Defendants seek to transfer Plaintiffs' claims to the Eastern District on two alternate grounds: (1) pursuant to the mandatory transfer provisions of 28 U.S.C. § 1406(a); or (2) pursuant to the discretionary transfer provisions of 28 U.S.C. § 1404(a).[2] Additionally, Defendant Nonemaker seeks dismissal of Plaintiffs' first cause of action against her pursuant to Federal Rule of Civil Procedure 12(b)(3), as the claim is not properly venued in any California court.

### A. Venue Is Not Proper In The Northern District As To Each Defendant, And As To Each Claim And, As A Result, Transfer Is Warranted Under 28 U.S.C. § 1406(a)

#### 1. General And Special Venue Rules

Generally, venue in federal question cases[3] is governed by 28 U.S.C. 1391(b), which provides that venue is proper in:

> (1) a judicial district where any defendant resides, *if all defendants reside in the same State,* (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.[4]

(emphasis added.)

---

[2] / Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[3] / Despite Plaintiffs allegations of diversity jurisdiction, there is not complete diversity in this case because individual defendant Kenneth McGuire is a citizen of California. In any event, even if diversity jurisdiction were present, the venue provisions of 28 U.S.C. § 1391(b) would control. *See* 28 U.S.C. § 1391(a) (the provisions of § 1391(a) apply when subject matter jurisdiction is "founded only on diversity of citizenship.").

[4] / For purposes of venue, a corporation is deemed to "reside" in any judicial district in which it is subject to personal jurisdiction at the time the action is filed. 28 U.S.C. § 1391(c). An individual "resides" where they are domiciled, with the Ninth Circuit taking that view that transitory domicile suffices to establish residence. *See Arley v. United Pacific Ins. Co.*, 379 F.2d 183, 185 (9th Cir. 1967).

In addition to the general rule noted above, certain federal statutes contain their own special venue requirements. As relevant here, venue for claims asserted under Title VII is proper in:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, *but if the respondent is not found within any such district*, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Claims brought under the ADA are subject to this same special venue rule. 42 U.S.C. § 12117(a).

Ordinarily, "[w]here there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper *as to each defendant and as to each claim*." *Kelly v. Echols*, 2005 WL 2105309, at *11 (E.D. Cal. 2005) (emphasis added); *see also Kelly v. Qualitest Pharmaceuticals, Inc.*, 2006 WL 2536627, at *8, 12 (E.D. Cal. 2006) ("venue is a privilege of the defendant, and venue must be appropriate as to each defendant"); *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1097, fn. 5 (C.D. Cal. 2001) ("each and every named *defendant* must meet jurisdiction and venue requirements"); *Sharies Berries Intern., Inc. v. Mansonhing*, 2006 WL 2382263, at *2 (E.D. Cal. 2006) ("'When there are multiple . . . claims in an action, the plaintiff must establish that venue is proper as to each claim.'").

**2. Venue Is Not Proper In the Northern District "As To Each Defendant"**

None of the claims that Plaintiffs have alleged against individual Defendant Ann Nonemaker are properly venued in the Northern District. Nonemaker is a resident of Pennsylvania, and any contacts she had with Plaintiffs would have occurred, if at all, in the Eastern District where Plaintiffs lived and worked and where the alleged events giving rise to their claims occurred. Accordingly, the Title VII and ADA claims against Nonemaker (which are not cognizable claims in any event), are not properly venued in any California court because Nonemaker "is not found within any" California judicial district. 42 U.S.C. § 2000e-5(f)(3). As to Plaintiffs' other claims against Nonemaker, they are not properly venued in the Northern

District because "all defendants" do not reside in California, and because a "substantial part" of the alleged events forming the basis for Plaintiffs' claims occurred in the Eastern District, where Plaintiffs worked for WSBA, and continue to reside. 28 U.S.C. § 1391(b)(1)-(2). Moreover, Plaintiffs' Title VII and ADA claim against Nonemaker are not even cognizable, and should be dismissed in any event as improperly venued in a California court, and the remaining claims against her should be transferred to the Eastern District pursuant to the mandatory transfer provisions of 28 U.S.C. § 1406(a).

### 3. Venue Is Not Proper In The Northern District "As To Each Claim"

Applying the general venue rule of 28 U.S.C. § 1391(b), seven of the eight claims alleged against the other defendants are also not properly venued in the Northern District. Defendants do not all reside in California, making § 1391(b)(1) inapplicable. Accordingly, the only way venue could be proper in the Northern District is if a "substantial part of the [alleged] events or omissions" giving rise to the claims occurred there, which clearly is not the case. 28 U.S.C. § 1391(b)(2).

Plaintiffs both worked for WSBA in Roseville, California. Their managers and co-workers worked in Roseville and the alleged events which form the basis for each of Plaintiffs' claims occurred, if at all, in Roseville. As employees of WSBA, Plaintiffs, in fact, had no connection with the Northern District.

Because the alleged events giving rise to Plaintiffs' claims occurred in Roseville, and because not all defendants reside in California, venue is proper in the Eastern District, and not in this District. *See* 28 U.S.C. § 1391(b).

### 4. Plaintiffs' Claims "Could Have Been Brought" In The Eastern District

With the exception of Plaintiffs' Title VII and ADA claim against Defendant Nonemaker, venue for which is appropriate only in Pennsylvania, all of Plaintiffs other claims "could have been brought" (or at least filed, given barriers to individual liability) in the Eastern District. While employed by WSBA, Plaintiffs worked in Roseville and the alleged unlawful employment

practices they lament occurred, if at all, at or around Plaintiffs' worksite. Moreover, records pertaining to Plaintiffs' WSBA employment are located in the Eastern District. Accordingly, transfer to the Eastern District comports with the requirements of 28 U.S.C. § 1406(a) because the claims could have, and should have, been filed in the Eastern District in the first instance.

      **B.    Venue In The Northern District Is Inconvenient For The Parties And Witnesses And, Alternatively, Transfer Is Warranted Under 28 U.S.C. § 1404(a) As Well**

Even if this Court deems venue to be proper in the Northern District, it may still transfer the matter to the Eastern District "[f]or the convenience of the parties, witnesses, and in the interests of justice." 28 U.S.C. § 1404(a). Other than the factors expressly set forth in Section 1404(a), courts also consider the locale of records and other evidence, and any factors enumerated in special venue statutes (*i.e.*, the location of employment records, where plaintiffs worked and would have worked but for the alleged unlawful employment act) in determining whether discretionary transfer is appropriate. *See Van Dusen v. Barrack*, 376 U.S. 612, 643 (1964); *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003).

Each of the above factors supports discretionary transfer to the Eastern District. As to Plaintiffs' election to file suit in the Northern District, little deference should be accorded that decision because Plaintiffs reside over 100 miles away in Roseville. *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 54, fn. 12 (D.C. Cir. 2000) (a plaintiff's choice of forum will be accorded little deference if the plaintiff has filed in a forum that is not his residence and appears to be forum shopping, and if an equally convenient forum is provided elsewhere). Given that Plaintiffs reside in another judicial district (and worked there as well), it is a reasonable inference that Plaintiffs filed suit this Court in an attempt to forum shop, or possibly to suit the convenience of their San Francisco-based counsel, a factor that does not play into the venue analysis. *See In re Horseshoe Entertainment, supra*, 337 F.3d 429, 434.

Plaintiffs' preference is all the more inconsequential given that documents and most witnesses are located in the Eastern District. Plaintiffs' employment records are located in the Eastern District at Plaintiffs' former worksites. Co-workers and managers (including defendant

Kenneth McGuire) with whom Plaintiffs interacted on a regular basis, and who will likely be called as witnesses, are also predominately located in the Eastern District. In fact, nearly all of the co-workers and managers identified in Plaintiffs' Complaint work and reside in the Eastern District. Also, as alleged in Plaintiffs' Complaint, each of the treating physicians with whom Plaintiffs have associated with in connection with their alleged emotional distress, and whom Plaintiffs may ask to testify at trial, are located in the Eastern District in either Roseville or Sacramento. (Complaint, ¶ 123.) It makes little sense for the parties to litigate a case in the Northern District, when the witnesses, evidence, and even the Plaintiffs are located elsewhere.

## IV. CONCLUSION

All eight of Plaintiffs' claims against individual defendant and Pennsylvania resident Ann Nonemaker are improperly venued in the Northern District. Seven of the eight claims Plaintiffs have asserted against the other Defendants are also improperly venued in this Court because a "substantial part" of the alleged events that gave rise to Plaintiffs' claims occurred in Roseville, California where Plaintiffs were employed by WSBA. Under these facts, the Court should transfer the matter to the Eastern District pursuant to 28 U.S.C. § 1406(a).

In the alternative, the Court should transfer the matter to the Eastern District because Plaintiffs and individual defendant Kenneth McGuire reside there, and because most witnesses and records are located there as well. The Northern District is not a practical forum for any party, and venue there will only serve to impose needless burden on all involved.

DATED: January 11, 2008                    SEYFARTH SHAW LLP


By /s/ Eden Anderson
Mark Grajski
Eden Anderson
Attorneys for Defendants
WACHOVIA CORPORATION,
WACHOVIA SBA LENDING, INC.,
KENNETH MCGUIRE, and ANN
NONEMAKER

SF1 28312513.1 / 36962-000085