PHIL HORNE, ESQ. 173183
justicephil@gmail.com

    Domain:     justicephil.com (2008 August)
    Brick:       1155 Market Street
                  San Francisco, California 94103
    Voice:       415.522.1170
    Facsimile:  415.552.2770

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEITH PATRICK KNAPP, THOMAS HAMPTON DEAR, <br><br> Plaintiffs, <br><br> v. <br><br> WACHOVIA CORPORATION, a Corporation, WACHOVIA SBA LENDING, INC., a Corporation, et al., <br><br> Defendants. | No. C-07-04551-SI <br><br> **OPPOSITION TO REQUEST FOR CHANGE OF VENUE** <br><br> **2008 May 16 0900 Hours** <br> **THE HONORABLE SUSAN ILLSTON** <br> **JUDGE OF THE DISTRICT COURT** |

I.

FACTS

The present matter is easy to summarize. Two men, in a committed monogamous relationship, were employed by Wachovia Corporation and its subsidiary, Wachovia Corporation, SBA, as loan salesman. Declaration of Knapp and Declaration of Dear (hereinafter Declarations) at Par. 4. Both are recovering alcoholics with over fifteen (15) years of sobriety and one is disabled by HIV/AIDS. Declarations at Par. 3. The couple resides in two homes—one in San Francisco and one in Roseville. Declarations at Par. 2.

Each worked hard and each achieved exemplary sales—the highest loan sales in the massive Wachovia Corporation. Declarations at Par. 5. Wachovia Corporation gave each its highest awards and recognition. Declarations at Par. 6. In their exemplary service, each traveled throughout California and the United States where they researched markets, customers, and loans. Declarations at Par. 7. Both men conducted business for defendants with clients throughout the Eastern and Northern Districts of California as well as districts throughout the United States. Declarations at Par. 9. Each regularly met clients and prospective clients in San Francisco. Declarations at Par. 10.

On or about 2006 January, Kenneth McGuire, the boss of the two men, invited the whole department out for a night of girls, drinking, and smoking. Declarations at Par. 11. Both men unsuccessfully tried to "beg off" the invitation. Declarations at Par. 12. At a saloon, McGuire insisted each drink. Declarations at Par. 13. They objected. Id. Still he insisted. Id. As the night wore on, McGuire repeated his invitation to imbibe and made disparaging remarks about their recovery disabilities. Id.

After, both men made a complaint to Wachovia Corporation's Human Resources Department—which is located in Wachovia Corporation's Western Regional Sales Division Headquarters in

Wachovia Corporation's California Headquarters in Oakland, California. <u>Declarations</u> at Par. 15.  Each included other instances of harassment and discrimination—based on orientation, HIV disability, and recovery disability—which they had suffered while working for Wachovia and Wachovia SBA and asked for sensitivity training for McGuire. <u>Declarations</u> at Par. 16.  Wachovia Corporation allegedly investigated the complaints and found them unsubstantiated. <u>Declarations</u> at Par. 17.

McGuire retaliated against each by removing their sales territories and instructing them to cease having contact with their customers. <u>Declarations</u> at Par. 19.  Therefrom, both men suffered the loss of their business in the Northern District and other districts. <u>Declarations</u> at Par. 20.

Both men made complaints to the Equal Employment Opportunity Commission in San Francisco and the Department of Fair Employment and Housing in Oakland, received right to sue letters therefrom, and filed the present action. <u>Declarations</u> at Par. 21.

For said action, the relevant medical records are held by various treating doctors whose offices are located in the Eastern and Northern Districts. <u>Declarations</u> at Par. 23.  The relevant personnel files are located in the above-described regional office in Oakland. <u>Declarations</u> at Par. 24.  The EEO and DFEH records are located in San Francisco and Oakland respectively. <u>Declarations</u> at Par. 25.

II.

PRESENT MOTION AND OPPOSITION THERETO

By the present motion, defendants allege this action is improperly venued and, alternatively, allege "inconvenient" forum.  The sole legitimate basis for challenging venue is that asserted by Mr. McGuire and Ms. Nonemaker.  And so, plaintiffs have dismissed each. <u>Request for Dismissal</u> filed herewith.  There is no remaining legitimate basis for challenging venue.

Title VII is controlling on the issue of venue over the Title VII claim. Venue is proper in any judicial district in California because the allegedly discriminatory and retaliatory conduct occurred in California. 42 U.S.C. Section 2000e-5(f)(3).

Venue is proper over the other claims because the remaining defendants are corporations doing business in the Northern District and, therefore, deemed "residents" of the Northern District and amenable to venue therein. See 28 U.S.C. Section 1391(b)(1); Bicicletas Windsor, S.A. v. Bicycle Corporation of America (SDNY 1992) 783 F. Supp. 781, 785 (For venue purposes, a corporation "resides" in all districts in which it is subject to personal jurisdiction; e.g., in every district in which it has minimum contacts."); Tranor v. Brown (EDNY 1996) 913 F. Supp. 388, 390; see Int'l Shoe Co. v. Washington (1945) 326 U.S. 310, 316.

Even still, defendants allege the matter should be moved to convenience defendants. For three reasons, defendants' motion should be denied.

A. DEFENDANTS BEAR THE BURDEN OF PROVING "SUBSTANTIAL HARDSHIP"

A plaintiff's choice of forum is accorded substantial weight in proceedings under Section 1404(a). Courts will generally not order a transfer unless the chosen forum imposes a "substantial hardship." Securities Investor Protection Corp. v. Vigman (9th Cir. 1985) 764 F.2d 1309, 1317. The party moving for a change of venue has the burden to show "appraisable hardship" and must show more than a limited degree of added convenience for trying a case in a different jurisdiction. Truxes v. Rohn Elec. Corp. (DC Puerto Rico 1970) 314 F.Supp. 752.

///
///
///

### B. DEFENDANTS DO NOT PRESENT REQUISITE EVIDENCE

Defendants meet their burden only by setting forth affidavits consisting of admissible evidence of the facts involved—i.e., non-hearsay statements by a competent witness.  ND CA Rule 7-5(b); Stop-A-Flat Corp. v. Electra Start of Michigan, Inc. (ED PA 1981) 507 F.Supp. 647, 652*.  **Conclusory declarations are not enough.**  Id.*  A party seeking a transfer cannot rely on vague generalizations as to convenience factors; the party is obliged to:  1) Identify the key witnesses to be called, 2) Present a generalized statement of what their testimony will be, and 3) Describe why such testimony is relevant and necessary.  A.J. Industries, Inc. v. United States Dist. Ct. (9th Cir. 1974) 503 F.2d 384, 389; Heller Fin'l, Inc. v. Midwhey Powder Co., (7th Cir. 1989) 883 F.2d 1286, 1293.   Defendants fail to meet their burden.  The only "evidence" they present comes in the form of a declaration from McGuire.  Declaration of McGuire.  The only relevant statement in that declaration is paragraph five which identifies five (5) employees as having worked at a location in Roseville *at some point* in the past.  The declaration does not state the residence of each or contain any statements as to their anticipated testimony or why such testimony is relevant or necessary.

### C. TRAVELING FROM SACRAMENTO TO SAN FRANCISCO IS NOT A SUBSTANTIAL BURDEN

Even if we gloss over deference and the evidentiary deficiencies in the declaration, as a matter of law, traveling from the Eastern District to the Northern District is not a "substantial burden." The total distance between the Eastern District courthouse and the Northern District (Oakland) courthouse is 75 miles and the Northern District (San Francisco) courthouse is 85 miles.  That distance is readily traversable by modern highway.

No reported cases have found driving 75-85 miles to be a substantial burden. In fact, the reported cases have imposed a far greater burden on the moving party as follows:

- A forum is not inconvenient where accessible in a few hours by air travel (<u>Freedman v. America Online, Inc.</u> (DCT 2003), 294 F. Supp. 2d 238);

- New York forum is not inconvenient to defendants who resided in Connecticut absent showing of financial hardship (<u>National Union Fire Ins. Co. of Pittsburgh, PA v. Corric</u> (NDNY 1996 ) 924 F. Supp. 373);

- Pennsylvania forum is not inconvenient to New York resident; distance between courthouses was only 160 miles and Pennsylvania forum was readily accessible by transportation. <u>Williams v. Kerr Glass Mfg. Corp.</u> (EDNY 1986) 630 F. Supp. 266;

- Philadelphia forum is not inconvenient to eight New York City residents. <u>Thomas v. U.S. Lines</u> (EDPA 1974) 371 F. Supp. 429;

- New York City is not inconvenient to Illinois-based corporation where corporation did business in New York. <u>General Signal Corp. v. Western Elec. Co.</u> (NDIL 1973) 362 F. Supp. 878; and

- Modern means of transportation obviate the need for geographic-hardship-based motions to change venue absent showing of extreme inconvenience. <u>Arnold v. Smith Motor Co.</u>, (NDIA 1974) 389 F. Supp. 1020.

III.

CONCLUSION

Defendant's remaining motion is entirely without merit and should be summarily DENIED.[1]

2008 April 25              /s/Phil Horne, Esq.
                           LAW OFFICE OF PHIL HORNE, ESQ.

---

[1] Alternatively, only if the court is inclined to dismiss, plaintiffs request a transfer in lieu of dismissal.