1  SEYFARTH SHAW LLP
   Mark Grajski (SBN 178050) MGrajski@seyfarth.com
2  400 Capital Mall #2350
   Sacramento, California 95814
3  Telephone: (916) 448-0159
   Facsimile: (916) 558-4839
4
   SEYFARTH SHAW LLP
5  Eden Anderson (SBN 233464) EAnderson@seyfarth.com
   560 Mission Street, Suite 3100
6  San Francisco, California 94105
   Telephone: (415) 397-2823
7  Facsimile: (415) 397-8549

8
   Attorneys for Defendants
9  WACHOVIA CORPORATION and
   WACHOVIA SBA LENDING, INC.
10

11                      UNITED STATES DISTRICT COURT

12              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | LEITH PATRICK KNAPP, THOMAS              ) Case No. C-07-4551 SI
   | HAMPTON DEAR,                            )
14 |                                          ) DEFENDANTS' REPLY TO
   |            Plaintiffs,                   ) PLAINTIFFS' OPPOSITION TO
15 |                                          ) MOTION TO TRANSFER VENUE
   |       v.                                 )
16 |                                          ) Date: May 16, 2008
   | WACHOVIA CORPORATION, a Corporation, )   Time: 9:00 a.m.
17 | WACHOVIA SBA LENDING, INC., and          ) Judge: Hon. Susan Illston
   | DOES 1-300,                              ) Dept./Place: Courtroom 10, 19th Floor
18 |                                          )
   |            Defendants.                   )
19 |                                          )
   |                                          )
20 |_____)

21 | I.     INTRODUCTION

22         Although Plaintiffs have now dismissed the individual defendants without prejudice,

23 transfer of the action to the Eastern District remains appropriate under the discretionary transfer

24 provisions of 28 U.S.C. § 1404(a). The Northern District has little *material connection* to the

25 operative facts underpinning Plaintiffs' claims. While Plaintiffs allege that some events

26 connected with their employment transpired in the Northern District, most of the events they

27 note - including client meetings and the formality of filing administrative charges – have nothing

28

---
SF1 28322052.1 / 36962-000085   Reply to Opposition to Motion to Transfer Venue
                                     Case No. C-07-4551 SI

to do with their claims and are irrelevant to the venue inquiry. Because Plaintiffs' claims have only a tenuous connection to the Northern District, their choice to file suit here should be accorded little deference.

Further, transfer will promote the "convenience of the parties and witnesses, [and] the interests of justice." Eleven witnesses *identified by Plaintiffs* – whose anticipated areas of testimony are *apparent from the face of the Complaint* – reside and work in the Eastern District. These witnesses will be substantially burdened if they are required to take additional time off work and away from their families to traverse an unpredictable and notoriously bad commute through the Bay Area. The cumulative burden imposed, the increased travel costs, and the potential for court delays all support transferring the action to the Eastern District, and even more so given that the Northern District has virtually no link to Plaintiffs' claims.

## II. LEGAL ARGUMENT

### A. Transfer Is Warranted Under 28 U.S.C. § 1404(a)

In exercising its discretion under § 1404(a), courts consider: the convenience of witnesses; the cost of obtaining willing witnesses; practical problems that make trial of the case easy, expeditious, and inexpensive; and the interests of justice. *Nat'l Union Fire. Ins. Co., v. Coric*, 924 F.Supp. 373, 378 (N.D.N.Y. 1996). Further, "[a]lthough the Court respects plaintiff's choice of forum, when the litigation has little material connection with the forum . . . that choice is not entitled to the weight it is normally accorded." *Williams v. Kerr Glass Mfg. Corp.*, 630 F.Supp. 266 270 (E.D.N.Y. 1986). These considerations overwhelmingly support transfer here.

#### 1. Plaintiffs' Choice Of Forum Should Be Accorded Little Weight Because Their Claims Have Virtually No Material Connection To The Northern District

Whether Plaintiffs occasionally called upon clients in the Northern District has absolutely nothing to with their claims in this case. Plaintiffs do not allege that their *clients* harassed, or discriminated against, them. Instead, they allege that their *co-workers and supervisors* – all of whom interacted with Plaintiffs in Roseville, California - subjected them to a hostile work environment and discriminated against them on the basis of their sexual orientation and/or

disability. A simple review of Plaintiffs' Complaint makes it clear that the alleged events giving rise to their claims occurred, if at all, at their "worksite" in Roseville, California and in the course of their interactions there with their colleagues. As just some examples, the Complaint alleges:

- "[Coworker] Michael Stokes brought his son to the *worksite*. Stokes introduced the boy to all of the employees except Plaintiffs . . .." (Compl. ¶ 20.)

- Nonemaker "abruptly discontinued regular lunches with Plaintiffs" and "moved her office away from Plaintiff[s] . . .." (*Id.* at ¶¶ 28, 29.)

- Knapp's co-workers in Roseville "refused to respond to [his] greeting." (*Id.* at 67.)

- "Nonemaker visited the [Roseville] *worksite*, met with all the salespeople except Plaintiff Knapp, and refused to meet with Knapp." (*Id.* at 69.)

- Defendant "hosted a blood drive on the [Roseville] *worksite* which prohibited participation by persons with same gender affectional/sexual orientation." (*Id.* at 78.)

- "[A] rumor spread throughout the *worksite* to the effect that Plaintiff Dear was transferring . . . [and McGuire then] attempted to interfere with Knapp's transfer." (*Id.* at ¶¶ 86-87.)

- McGuire "thr[ew] two $50.00 gift certificates on Dear's desk . . . [instead of] publicly congratulat[ing] Dear." (*Id.* at ¶ 88.)

- "McGuire ordered all of Knapp's systems turned off and barred Knapp from the [Roseville] *worksite*." (*Id.* at ¶ 90.)

These alleged events - and not Plaintiffs' client interactions or the mere filing of their EEOC/DFEH charges[1] – give rise to their claims and are relevant to the present venue inquiry. *See Jennings Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2000) (events that do not have a close nexus to the claims alleged are not relevant in determining venue). Moreover, while Plaintiffs allege to have lodged a complaint about the foregoing events with human resources

---

[1] / The mere filing of complaints with the EEOC and DFEH in the Northern District and prompt request for right to sue letters does not make venue here proper. Plaintiffs might as well argue that the mere filing of their Complaint in this Court and its location on file in San Francisco suffices to establish venue, a proposition that is clearly erroneous.

1  personnel located in Oakland, that lone alleged event gives the Northern District only a tenuous
2  connection to Plaintiffs' claims.
3      Because Plaintiffs' claims have a strained connection with the Northern District, their
4  choice of forum should be accorded little deference.

    **B.    The Convenience Of Parties, Witnesses, And Interests Of Justice Support Transfer**

7      Because Plaintiffs' claims arise out of alleged events in the Eastern District, the
8  overwhelming majority of witnesses are located there, and transfer under §1404(a) will promote
9  the convenience of witnesses and Defendants, save needless expenditure of time and resources,
10 and otherwise serve the interests of justice.
11     Eleven witnesses identified in Plaintiffs' Complaint reside in Sacramento County. These
12 individuals include Michael Stokes (¶¶ 20, 50), J.C. Monteau (¶ 34), Michael David (¶ 39),
13 Karen Mercado (¶ 49), Thomas Collopy (¶ 50), Kenneth McGuire (*passim*), Dr. Jason Flamm (¶
14 123), Dr. N.P. Bhosale (¶ 123), Dr. Jeffrey McClure (¶ 123), Dr. Kevin Chen (¶ 123), and Dr.
15 Jerry L. Lai (¶ 123).[2] While Plaintiffs suggest that Defendants have failed to establish how these
16 witnesses' testimony is relevant, or to generally describe the nature of their testimony, Plaintiffs'
17 *own Complaint* furnishes this basic information, and in great detail. Unless Plaintiffs intend to
18 establish their claims and alleged emotional distress damages through their own self-serving
19 testimony, they will need to call their former colleagues and medical experts to testify. In all
20 likelihood, those witnesses will be the individuals alleged to have witnessed the events and
21 slights detailed in Plaintiffs' Complaint.

---

[2] / While Plaintiffs purport to reside in two locations and to have medical records located in San Francisco, it is important to take note of the fact that *all of their treating physicians* reside in the Sacramento area, suggesting that their primary residence is in the Eastern District. (Complaint, ¶ 123.) Surely, if Plaintiffs resided in San Francisco, they would seek treatment from medical professionals located here. Also of note is Plaintiffs' failure to provide any information concerning their present work locations. The omission is a clear indication that Plaintiffs, as alleged by Defendants, continue to work in the greater Sacramento area and will themselves be required to take time off work and travel significant distance to appear for any trial in the Northern District.

SF1 28322052.1 / 36962-000085    4
Reply to Opposition to Motion to Transfer Venue
Case No. C-07-4551 SI

1       Further, if Plaintiffs' 45-page, 164 paragraph Complaint is any indication, trial in this
2   case is going to be inordinately long, requiring the prolonged testimony of numerous of
3   Plaintiffs' former colleagues.  If the action remains venued in the Northern District, these
4   individuals – including Mr. McGuire (the primary target of Plaintiffs' allegations) - will be
5   required to travel back and forth between Roseville and San Francisco, a commute not "easily
6   traversable," as anyone familiar with Bay Area congestion can affirm.  Plaintiffs' suggestion that
7   "no reported cases" have transferred a matter where all the relevant events occurred, and most
8   percipient witnesses reside, 75-85 miles away is false and belied by the inapt authorities upon
9   which they rely.[3]

10      The time off work, time away from family, and unnecessary additional costs are a
11  substantial burden to shoulder to suit Plaintiffs' desire for a more favorable forum[4] and the
12  convenience of their San Francisco-based counsel.  Moreover, given that witnesses will be hours
13  away from the place of trial and not easily called to appear, there exists a good possibility that
14  unnecessary delays in proceedings will cost both the Court and Defendants time and resources.

15      To promote the convenience of the parties, witnesses, and the interests of justice, the
16  matter should be transferred to the Eastern District, and Plaintiffs' choice of forum accorded
17  little deference given that their claims have little to no material connection with this District.

---

[3] /     Plaintiffs rely on *Freedman v. American Online, Inc.*, 294 F.Supp.2d 238 (D. Conn. 2003), *vacated by* 2004 WL 234661 (D. Conn. 2004) (vacating prior order denying transfer); *Nat'l Union Fire Ins. Co. v. Coric*, 924 F.Supp. 373, 378-80 (N.D.N.Y. 1996) (where plane accident occurred in New York, and only two witnesses of many were located in Connecticut, New York was an appropriate venue); *Williams v. Kerr Glass Mfg. Corp.*, 630 F.Supp. 266, 269-71 (E.D.N.Y. 1986) (where claims had little material connection to New York, and there was a pending related suit in Pennsylvania, transfer to Pennsylvania was appropriate, even though plaintiff might have to travel there); *Thomas v. U.S. Lines, Inc.*, 371 F.Supp. 429, 431-33 (E.D. Pa. 1974) (where boat accident occurred in Japan, boat launched from New York and never entered any Philadelphia ports, plaintiffs received medical treatment in New York, half of plaintiffs lived in New York and where themselves transitory seamen, and a related action was pending in New York, transfer to New York was proper); *General Signal Corp. v. Western Elec. Co.*, 362 F.Supp. 878, 879-80 (D.C. Ill. 1973) (where "overwhelming majority" of witnesses and documents where located in New York, plaintiff lived in New York, and action had minimal relation to Illinois, transfer to New York granted).

[4] /     Plaintiffs' dismissal of individual defendants Nonemaker and McGuire in an attempt to create venue in the Northern District is further indicia of their efforts to forum shop, which should not be condoned.

### III. CONCLUSION

Defendants ask that the Court exercise its discretion to transfer the action to the Eastern District where the alleged events giving rise to Plaintiffs' claims occurred. Transfer will promote the convenience of the overwhelming majority of witnesses, save needless expenditure of the Court's and Defendants' time and resources, and otherwise serve the interests of justice by discouraging improper forum shopping.

DATED: April 30, 2008                               SEYFARTH SHAW LLP


By _/s/ Eden Anderson_
    Eden Anderson
Attorneys for Defendants
WACHOVIA CORPORATION and
WACHOVIA SBA LENDING, INC.