SEYFARTH SHAW LLP
Mark Grajski (SBN 178050) MGrajski@seyfarth.com
400 Capitol Mall #2350
Sacramento, California 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

SEYFARTH SHAW LLP
Eden Anderson (SBN 233464) EAnderson@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
WACHOVIA CORPORATION and WACHOVIA SBA LENDING, INC.

PHIL HORNE ESQ. (SBN 173183)
1155 Market Street
San Francisco, California 94103
Telephone: (415) 577-1170
Facsimile: (415) 552-2770
justicephil@gmail.com

Attorney for Plaintiffs
LEITH PATRICK KNAPP and
THOMAS HAMPTON DEAR

# UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEITH PATRICK KNAPP, THOMAS HAMPTON DEAR, <br><br> Plaintiffs, <br><br> v. <br><br> WACHOVIA CORPORATION, a corporation, WACHOVIA SBA LENDING, INC., <br><br> Defendants. | Case No. C-07-4551 SI <br><br> **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT** <br><br> Date: May 16, 2008 <br> Time: 2:00 p.m. <br> Judge: Hon. Susan Illston <br> Dept./Place: Courtroom 10, 19th Floor |

Plaintiffs Leith Patrick Knapp and Thomas Hampton Dear ("Plaintiffs") and Defendants Wachovia Corporation and Wachovia SBA Lending, Inc. ("Defendants"), (collectively "the Parties"), submit the following Joint Case Management Statement and Rule 26(f) Report pursuant to this Court's Order Setting Initial Case Management Conference and FRCP 26(f).

## I. JURISDICTION AND SERVICE

**Joint Position:** Original subject matter jurisdiction exists under 28 U.S.C. § 1331, as Plaintiffs have asserted claims under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Supplemental jurisdiction over Plaintiffs' California state law claims exists under 28 U.S.C. § 1367. All parties have been served. *Individual defendants have been dismissed.*

**Defendant's Additional Position**: While the Complaint alleges subject matter jurisdiction under the diversity jurisdiction provisions of 28 U.S.C. § 1332, complete diversity does not exist, as Defendant Wachovia SBA Lending, Inc. ("WSBA") is headquartered in Roseville, California and Plaintiffs are California residents.

Further, and as set forth in Defendants' pending Motion to Transfer Venue, Defendants dispute that venue in this Court is proper. Plaintiffs were employed by WSBA in Roseville, California, located in the Eastern District, and reside there as well. The vast majority of witnesses in the case – Plaintiffs' colleagues – work and reside in the Eastern District. Plaintiffs' claims have little material connection to the Northern District. Accordingly, Defendants have asked the Court to transfer venue pursuant to 28 U.S.C. § 1404(a) to promote the convenience of parties, witnesses, and in the interests of justice.

**Plaintiffs' Additional Position:** Title VII is controlling on the issue of venue over the Title VII claim. Venue is proper in any judicial district in California because the allegedly discriminatory and retaliatory conduct occurred in California. 42 U.S.C. Section 2000e-5(f)(3).

Venue is proper over the other claims because the remaining defendants are corporations doing business in the Northern District and, therefore, deemed "residents" of the Northern District and amenable to venue therein. See 28 U.S.C. Section 1391(b)(1); Bicicletas Windsor, S.A. v. Bicycle Corporation of America (SDNY 1992) 783 F. Supp. 781, 785 (For venue purposes, a corporation "resides" in all districts in which it is subject to personal jurisdiction; e.g., in every district in which it has minimum contacts."); Tranor v. Brown (EDNY 1996) 913 F. Supp. 388, 390; see Int'l Shoe Co. v. Washington (1945) 326 U.S. 310, 316.

Even still, defendants allege the matter should be moved "to convenience defendants." That is not the legal standard. Plaintiff files the action, and plaintiff chooses the forum. That choice is not reviewable under 28 U.S.C. § 1404 unless defendant proves plaintiff's forum would cause a "substantial hardship" to the parties or witnesses. There is no evidence before this court that the Northern District would cause a "substantial hardship" to parties or witnesses. Even if such evidence had been offered, no recorded federal opinions ever found such a short and accessible distance (between Sacramento and San Francisco) to be a "substantial hardship."

**Factual and Legal Basis for Plaintiffs' Claims:**

Two men, in a committed monogamous relationship, were employed by Wachovia Corporation and its subsidiary, Wachovia Corporation, SBA, as loan salesman. Both are recovering alcoholics with over fifteen (15) years of sobriety and one is disabled by HIV/AIDS. The couple resides in two homes—one in San Francisco and one in Roseville.

Each worked hard and each achieved exemplary sales—the highest loan sales in the massive Wachovia Corporation. Wachovia Corporation gave each its highest awards and recognition. In their exemplary service, each traveled throughout California and the United States where they researched markets, customers, and loans. Both men conducted business for defendants with clients throughout the Eastern and Northern Districts of California as well as districts throughout the United States. Each regularly met clients and prospective clients in San Francisco.

On or about 2006 January, Kenneth McGuire, the boss of the two men, invited the whole department out for a night of girls, drinking, and smoking. Both men unsuccessfully tried to "beg off" the invitation. At a saloon, McGuire insisted each drink. They objected. Still he insisted. As the night wore on, McGuire repeated his invitation to imbibe and made disparaging remarks about their recovery disabilities.

After, both men made a complaint to Wachovia Corporation's Human Resources Department—which is located in Wachovia Corporation's Western Regional Sales Division Headquarters in Wachovia Corporation's California Headquarters in Oakland, California. Each

included other instances of harassment and discrimination—based on orientation, HIV disability, and recovery disability—which they had suffered while working for Wachovia and Wachovia SBA and asked for sensitivity training for McGuire. Wachovia Corporation allegedly investigated the complaints and found them unsubstantiated.

McGuire retaliated against each by removing their sales territories and instructing them to cease having contact with their customers. Therefrom, both men suffered the loss of their business in the Northern District and other districts.

Each filed administrative claims with the state Department of Fair Employment and Housing and the Equal Employment Opportunity Commission. Each received the right to sue from each agency. Both filed the present suit. Said seeks damages for failure to accommodate disability, hostile work environment, and discrimination and retaliation under federal law (Title VII and ADA) and state law (GC § 12900, tort common law, and breach of contract). In addition, Wachovia Corporation further retaliated against each by withholding their sales commissions; and so, each sets forth additional claims for conversion.

**Factual and Legal Basis for Defendants' Defenses:**

Defendants deny plaintiffs' allegations. Neither plaintiff was harassed or unlawfully discriminated against. Neither plaintiff ever requested any accommodation for his alleged disability. Each plaintiff voluntarily resigned his employment with Wachovia SBA. Plaintiffs were at-will employees. Plaintiffs fail to state a claim for which relief may be granted under Title VII because that statute does not protect sexual orientation. Plaintiffs have also failed to exhaust their administrative remedies as to their claim for violation of Labor Code section 1102.5.

## II. <u>FACTUAL AND LEGAL ISSUES IN DISPUTE</u>

<u>Factual Issues in Dispute</u>

**Plaintiffs' Position:** Defendants have not disputed any of the above facts. Liability is ironclad. Damages will be for experts to calculate.

**Defendants' Position:** Defendants dispute all of plaintiffs' allegations of harassment, discrimination and other unlawful conduct. Defendants filed an answer to the complaint specifically denying the operative allegations of the complaint.

Legal Issues in Dispute

The Parties reserve the right to raise additional legal issues and defenses other than those stated below.

**Plaintiffs' Position:** Defendants did not raise any legal issues. Plaintiffs are not aware of any.

**Defendants' Position:** Plaintiffs fail to state a claim for which relief may be granted under Title VII because sexual orientation is not a protected status under the statute. *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061 (9th Cir. 2002). Plaintiffs' claim for violation of Labor Code section 1102.5 is barred by their failure to exhaust their administrative remedies with the California Labor Commissioner. *See Neveau v. City of Fresno* (EDCA 2005) 392 F.Supp.2d 1159, 1180 (dismissing Labor Code section 1102.5 claim for failure to exhaust administrative remedies).

## III.   NARROWING OF ISSUES

**Joint Position:** The parties are not aware of any issues that could be narrowed by agreement. The parties do not presently anticipate the need for bifurcation.

## IV.   ANTICIPATED MOTIONS

**Plaintiffs' Position:** Plaintiffs do not anticipate any motions.

**Defendants' Position:** Defendant has filed a motion to transfer venue. Defendants intend to file Motions for Summary Judgment or, in the Alternative, Motions for Summary Adjudication at the conclusion of discovery.

## V.   RELIEF

**Plaintiffs' Position:** Plaintiffs seek lost wages and benefits, damage to reputation, personal injuries, and attorney's fees and costs.

**Defendants' Position:** Other than its costs and attorneys' fees, Defendant does not seek any other recovery and has not filed any counter-claim at this time.

## VI.  DISCLOSURES AND DISCOVERY

The parties agreed to serve Initial Disclosures by May 30, 2008.

**Plaintiffs' Position:**  There is no need for substantial discovery in this case.  Each side could be ready with just five days of total deposition each—including up to 10 witnesses each—and written discovery as provided in the code.  Defendants ask for more written discovery because of the number of pages of the complaint.  Plaintiffs provided a thorough factual chronology in the complaint.  The complaint is fact-specific and complete.  Interrogatories will merely serve to cause plaintiffs to have to regurgitate the same factual chronology over and over again.

Plaintiff takes exception to the defendants' characterization (below) of homophobic slurs depicted in the complaint—for example a co-worker suggesting that Plaintiff Knapp was "into children"—as "slights."

Defendants suggest that plaintiffs be bound by the code re. deposition, but defendants want twice as much time.  This is not a complex case, all the allegations are out in the open in a fact-specific complaint, damages are easily ascertainable by expert, and there is no need for the court to make such an exception for defendants.

Plaintiff requests the parties be allowed and limited to four (4) experts per party.

**Defendants' Position:**  No discovery occurred to date.  The parties anticipate that written discovery and depositions will be completed approximately 30 days before trial.  Given Plaintiffs' 45-page complaint, Defendants do not believe that the limitations on discovery set forth in the FRCP 33 are appropriate, and ask that they be permitted to serve 45 interrogatories.  Defendants also do not believe that the seven-hour limitation on deposition of FRCP 30 is appropriate, given the sheer volume of Plaintiffs' allegations (*i.e*., the Complaint has 164 paragraphs of alleged workplace slights and makes reference to well over a dozen alleged witnesses).  Defendants ask that the Court permit twice the amount of deposition time for each

Plaintiff, or 14 hours each.  Defendants otherwise agree that discovery should proceed according to the FRCP.

## VII. OTHER REFERENCES

**Joint Position:**  The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**Plaintiffs' Position:**  Plaintiffs are amenable to all forms of ADR and would be willing to arbitrate (depending on the format) or mediate before Judge Alfred Chiantelli of ADR, Inc. provided defendants paid for such.  Plaintiffs are disinclined to this honorable court's early settlement program.

## VIII. TRIAL

**Joint Position:**  Plaintiff has demanded a jury trial.  The parties anticipate that trial may last ten to fifteen days.

## IX. Related Cases

**Plaintiffs' Position:**  Plaintiffs incurred further injuries and sustained additional damages after the filing of the present administrative complaints.  Accordingly, plaintiffs filed additional administrative complaints and received additional right to sue letters.  Plaintiffs asked defendants to stipulate to the filing of an amended complaint herein.  Defendants refused to so stipulate.  So, plaintiffs will file a new complaint and seek to consolidate the two.

**Defendants' Position**:  Defendants have not "refused" to stipulate to the filing of an amended complaint.  Defendants pointed out to plaintiffs that the complaint they have on file already encompasses the allegedly new matter that would form the basis of the proposed amended complaint.  Plaintiffs never responded to defendants query as to whether amendment was necessary.

## X. CLASS ACTIONS

Not Applicable.

## XI. SCHEDULING

**Defendants' Position:** Defendants suggest the following schedule for future proceedings:

| | |
|---|---|
| Trial: | August 24, 2009 |
| Pre-Trial Conference: | July 10, 2009 |
| Discovery Cutoff (expert): | May 19, 2009 |
| Last day for hearing dispositive motions: | April 17, 2009 |
| Discovery Cutoff (non-expert): | February 16, 2009 |
| Designation of Experts: | January 9, 2009 |
| Designation of Rebuttal Experts: | February 20, 2009 |

**Plaintiffs' Position:** Plaintiff prefers an earlier trial setting—such as 2009 April.

## XII. SETTLEMENT AND ADR

**Joint Position:** The parties have complied with the requirements of Local Rule 3-5 and 16-8.

**Plaintiffs' Position:** As set forth above, plaintiffs are amenable to all forms of ADR and would be willing to arbitrate (depending on the format) or mediate before Judge Alfred Chiantelli of ADR, Inc. provided defendants paid for such. Plaintiffs are disinclined to this honorable court's early settlement and early neutral evaluation programs.

## OTHER MATTERS AS MAY FACILITATE JUST, SPEEDY AND INEXPENSIVE DISPOSITION

**Plaintiffs' Position:** Wachovia Corporation is a giant and is known by a plethora of names. Wachovia Corporation has intimated that the naming of the defendants is defective. It would be helpful if Wachovia Corporation would be straightforward about any such allegation.

1  DATED: May 9, 2008                                    SEYFARTH SHAW LLP

3                                                                       By_____
                                                                              Mark Grajski
4                                                                             Eden Anderson
                                                                        Attorneys for Defendants
5                                                                       WACHOVIA CORPORATION,
                                                                        WACHOVIA SBA LENDING, INC.

7  DATED: May 9, 2008

8                                                                       /s/Phil Horne, Esq._____
                                                                              Phil Horne
9                                                                       Attorney for Plaintiffs
                                                                        LEITH PATRICK KNAPP, THOMAS
10                                                                      HAMPTON DEAR