IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEITH PATRICK KNAPP, *et al.*, | No. C 07-4551 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE AND TRANSFERRING CASE TO EASTERN DISTRICT OF CALIFORNIA** |
| v. | |
| WACHOVIA CORPORATION, *et al.*, | |
| Defendants. | |

Defendants' motion to transfer venue is scheduled for a hearing on May 16, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion and TRANSFERS this case to the Eastern District of California.

**BACKGROUND**

Plaintiffs are two men who are domestic partners and who both formerly worked for defendant Wachovia SBA Lending Inc., in Roseville, California. Roseville is located in the Eastern District of California. Plaintiffs allege that their supervisors and co-workers discriminated against them and harassed them on account of their sexual orientation and disability, and that after they complained, they were retaliated against and ultimately constructively discharged. The complaint alleges, *inter alia*, that plaintiffs were ostracized and harassed in the workplace, received unfair negative performance reviews, and that they were harassed at work-related social events.

Plaintiffs filed suit in the Northern District of California. Plaintiffs allege claims under the Americans with Disabilities Act, the California Fair Employment and Housing Act, the California Labor

1 Code, the California Civil Code, the California Business and Professions Code, and common law.
2 Plaintiffs originally sued Wachovia Corporation, Wachovia SBA Lending, Inc., and two Wachovia
3 employees, Kenneth McGuire and Ann Nonemaker. In response to defendants' motion to transfer
4 venue, plaintiffs voluntarily dismissed the individual defendants. The corporate defendants continue
5 to seek transfer of this case to the Eastern District of California on the ground that the alleged events
6 giving rise to plaintiffs' claims occurred in the Eastern District and a majority of the witnesses are
7 located in the Eastern District.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Transfer is discretionary, but is governed by certain factors specified in § 1404(a) and in relevant case law.

## DISCUSSION

As an initial matter, the Court finds that venue would be proper in either district, and the parties

2

do not dispute that fact.[1] Once venue is determined to be proper in both districts, courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

The Court finds that, on balance, these factors favor transfer. Although courts should afford considerable weight to a plaintiff's choice in determining a motion to transfer, *see Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985), a plaintiff's choice of forum is not dispositive, and must be balanced against other factors of convenience. For example, where the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum. *See* Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 4:763 (2007); *see also Schmidt v. American Inst. of Physics*, 322 F. Supp. 2d 28, 33 (D.D.C. 2004).

Here, all of the alleged events giving rise to plaintiffs' claims occurred outside the Northern District, and most occurred in the Eastern District at the Roseville worksite.[2] Plaintiffs make much of the fact that they complained to Wachovia's human resources department in Oakland, and they allege that the human resources department did not adequately investigate their complaint. However, the gravamen of plaintiffs' claims concerns events that allegedly took place at the Roseville worksite. In addition, although plaintiffs have submitted declarations stating that they had clients in the Northern District, plaintiffs' claims do not stem from their interactions with these clients. Finally, although plaintiffs highlight the fact that they filed their administrative complaints with the EEOC and the DFEH in the Northern District, this fact has no bearing on the venue analysis.

---

[1] Prior to plaintiffs' dismissal of the individual defendants, defendants contended that venue was improper in this District. After dismissal of those defendants, the Wachovia defendants no longer contend that venue is improper in this District.

[2] The complaint also alleges that some discriminatory and/or harassing events took place outside of California.

3

The Court also finds that transfer will be significantly more convenient for the witnesses. Defendants have identified eleven witnesses mentioned in the complaint who are located in the Eastern District. These witnesses include former defendant McGuire, who is referenced repeatedly throughout the complaint, as well as plaintiffs' former co-workers who allegedly discriminated against and harassed plaintiffs. Although plaintiffs suggest that these witnesses are not relevant or necessary, that assertion is belied by the allegations of the complaint. Moreover, plaintiffs have submitted declarations stating that they have residences in both the Northern and Eastern Districts, and thus although plaintiffs would prefer to litigate in the Northern District, it is not a hardship for plaintiffs to pursue this action in the Eastern District.

**CONCLUSION**

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendants' motion to transfer venue and TRANSFERS this case to the Eastern District of California. (Docket No. 13).

**IT IS SO ORDERED.**

Dated: May 12, 2008

SUSAN ILLSTON
United States District Judge

4